SAMUEL M. WILSON, Petitioner, *v.* WILLIAM BERKSTRESSER and THERON M. RICE, Judge First Judicial Circuit

1. *County roads — Proceedings to obtain change of road must contain what.—* Persons wishing for a change in a county road can only apply for it, under the statute (Wagn. Stat. 1229, §§ 56–58), by a petition showing a wish to cultivate their land, by proof of notice, and procurement of written consent from the person upon whom they would turn the road. If they wish a new road, under sections 49 and 53, p. 1228, the width of the road should be fixed, and the "intermediate points," on the road should be specified, and the damage should be assessed by a jury before the proceedings were determined; and the assessment of damages in favor of one whose property was taken for the road, after the final action of the court, is altogether irregular, and creates no debt.

2. *Mandamus — Jurisdiction of Circuit Courts by, over County Courts — Roads — Assessment of damages.—* In the matter of paying damages assessed for the right of way on a public road, Circuit Courts have jurisdiction over the County Court by *mandamus*, and in a proper case may issue the writ; and a writ of prohibition will not issue to prevent its erroneous exercise.

*Petition for writ of prohibition.*

*Johnson & Budd*, for petitioner.

I. The office of prohibition is to prevent courts from going beyond their jurisdiction in the exercise of judicial power. (3 Blackst. Com. 112, 113 ; Thomas v. Mead, 36 Mo. 232 ; State *ex rel.* West *et al.* v. Clerk County Court *et al.*, 41 Mo. 44 ; Vitt v. Owens *et al.*, 42 Mo. 512.)

II. The whole subject of establishing, changing, and vacating public roads is placed under the exclusive jurisdiction of the County Court, and a *mandamus* will not lie from the Circuit Court. (County Court v. Round Prairie Township, 10 Mo. 679 ; Vitt v. Owens *et al.*, 42 Mo. 514.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff, as president judge of the County Court of Morgan county, sued out an alternative writ of prohibition, returnable at this term, and, in his petition, charges that the said Rice, as circuit judge of said county, at the suit of said Berkstresser, had issued his writ of *mandamus* against the justices of the said County Court, commanding them to allow the said Berkstresser the sum of

eighty-five dollars, and to draw a warrant for the amount upon the county treasurer.   It appears that certain parties had presented to the County Court a road petition, of which the following is a copy : " The undersigned householders of Moreau and Haw Creek townships, Morgan county, Missouri, respectfully petition your honorable court to change the State road leading from Versailles to Georgetown, as follows : commencing at or near where said road crosses the first branch of Moreau creek, thence to Marple's dam."   No papers were filed with the petition, but the County Court made an order upon the road commissioners to view and locate the road, take the right of way, ascertain the cost, and report at the next term of the court.   The commissioners accordingly recommended the change, reported the survey of the new road, and that all the persons whose land it crossed had released the right of way, except Wm. Berkstresser, to whom they assessed five dollars as his damage.   The court accepted the report, ordered the petitioners to pay the damages, and, upon proof that the five dollars had been tendered, ordered the road to be opened and the overseer to take immediate possession.   The record shows that at the next term a jury trial was had in the County Court, by consent, and that said Berkstresser obtained a verdict of eighty-five dollars for the right of way over his land, and it does not appear that any further proceedings were had in the County Court.

In February, 1869, defendant Berkstresser sued out of the Circuit Court the alternative writ of *mandamus*, above spoken of, which was made peremptory at the May term.   The plaintiff asks for the writ of prohibition upon the ground that the Circuit Court exceeded its jurisdiction in its *mandamus* proceedings and in their manifest error.   It is very clear that the proceedings in the County Court to change the road, or for a new road, did not comply with the law.   It is difficult to tell under which provisions of the statute the petitioners acted.   They say that they wish a change in the road, and if that is their object, they could only apply for the change under the provisions of sections 56, 57, and 58, p. 1229, Wagn. Stat.   But they have not complied with these sections ; for it is not the petition of a person wishing to cultivate his land—no notice appears, and there is no written consent

from the persons upon whom he would turn the road. They are equally unfortunate if their object be a new road, under the provisions of sections 49, etc., p. 1228 ; for, in addition to the want of notice, the width of the road is not fixed. The petition does not specify the "intermediate points on the road;" nor was there any assessment of damages by a jury until after all the proceedings were determined. It was the duty of Berkstresser, if dissatisfied with the award of the commissioners, to demand at once, under the provisions of section 53, a hearing of his claim before a jury and before any action of the court upon the report of the commissioners. The assessment at the next term, after final action, was altogether irregular, and created no debt. Had the matter been continued and the final action of the court postponed until after the question had been submitted to a jury, the court then had the power to say upon what conditions the road should be opened, or whether opened at all. In opening it they must see that these damages are in some way provided for, either that they be paid into the county treasury by the petitioners, or that the county itself assume them. But no such continuance was had, and the eighty-five dollars verdict is *coram non judice*.

It is also clear that the action of the Circuit Court was erroneous ; but it is not so clear that the plaintiff is entitled to his writ of prohibition. If the court, whose action is complained of, acts within its jurisdiction, but simply commits an error, the writ will not lie. It is not to be confounded with a writ of error or of *certiorari*, and must not be permitted to take their place. Had, then, the Circuit Court jurisdiction over the County Court, by *mandamus*, in the matter of paying the damages assessed for the right of way upon a public road? If it had such jurisdiction, it does not matter, so far as this case is concerned, whether it has been lawfully or erroneously exercised. The County Court has the sole right of saying whether a road shall be opened, changed, or vacated, and the Circuit Court can not control its discretion in the matter. If a new road is to be opened, it has also the right of saying whether the damages, if any, shall be paid by the petitioners or by the county. If the court decides that the petitioners shall pay them, it ought not to order the road

to be opened until the money is deposited. If it determine that the county shall pay them, the appropriation should be made before the road is opened. The county has clearly no right to open the road until one or the other is done. But, in either case, if the money is deposited by the petitioners, or if the court decides that the county shall pay the damages assessed, it becomes its clear ministerial duty to issue a warrant upon the treasury for the amount; and if the court refuses to issue such warrant, it should be compelled to do so by *mandamus*. It follows, then, that Circuit Courts have jurisdiction by *mandamus*, in the matter of payment of damages assessed to the person through whose land a road passes, and, in a proper case, may lawfully issue the writ. Such jurisdiction being conceded, it clearly follows that a writ of prohibition will not issue to prevent its erroneous exercise. Some other remedy must be resorted to.

.The writ is dismissed. The other judges concur.