[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 33 
Mrs. Kate B. Howland, a stranger to the record, but claiming to be the next of kin and sole heir at law of the deceased, and alleging that the deceased died intestate, applies, upon notice to the attorneys of the respective parties to this appeal, to strike the cause from the calendar, or that the hearing of the case upon the appeal be postponed until the final determination of the proceedings upon the writ of prohibition mentioned in the papers.
It is urged in support of the motion:
First. That the appellants have no legal right as executor and executrix of the alleged last will of the deceased to bring the appeal.
Second. That they were enjoined by the writ of prohibition in force at the time of bringing the appeal, and still operative, from acting as such executor and executrix.
Third. That the appellants are interested in an affirmance of the judgment, and that both respondent and appellants desire such affirmance.
Fourth. That the action of the appellants in bringing the appeal and thus assuming to act as executor and executrix, is prejudicial to the rights and interests of the applicant.
The right of the moving party to be heard upon this application is at least questionable. She is not a party to the record, and her interest in the litigation is contested and contingent. The original parties to the action are still living and before the court; and it is not claimed that any other person has been substituted for them, or is entitled to take their place as parties to the record. There is no other party *Page 35 
in existence entitled by law to be made a party to the action. Mrs. Howland has shown no right, either established at law or recognized either by the law or by the parties to the record, to intervene, or in any way to direct or control the proceedings in the action. She has no status in court entitling her to move in the action, whatever other rights and remedies she may be entitled to. With this protest, that the consideration of her application upon the merits shall not be a precedent for future applications of a like character, I will briefly consider, and in their order, the several grounds urged in her behalf by her counsel.
The first position is that the appellants are not now, and were not at the time of the appeal, the executor and executrix of the will of Mr. Taylor, deceased. The claim is that by the reversal by this court of the decision of the surrogate, admitting the alleged will to probate, and remitting the proceedings to the Supreme Court for a trial by jury of the question of fact, whether the instrument propounded was in fact the will of the deceased, ipso facto determined the authority of the appellants as executor and executrix, and operated as a revocation of the letters testamentary issued to them. The question presented calls for a construction and effect of chapter 603 of the Laws of 1871, in connection with the Revised Statutes regulating the proof of wills, and the granting of letters testamentary thereon. The act of 1871 authorizes the issuing of letters testamentary upon the probate of a will, notwithstanding an appeal from such probate, with certain limitations upon the powers of the persons to whom the same are granted.
The only question presented by the appeal in the action is substantially the question now suggested by the counsel for the applicant, although in different terms and in a different form. The facts were proved upon the trial, and were found by the referee, which it is now claimed terminated the authority of the appellants as executor and executrix, and the defendants excepted to the ruling and decision of the referee, that they were suable as such, and that the action *Page 36 
could be maintained and judgment given against them. The question must be met and decided upon the appeal in the action, and cannot be disposed of upon this summary application so as to conclude the parties to the record. The plaintiff is especially entitled to a hearing of the appeal, and ought not to be foreclosed by a collateral proceeding. The proceedings upon the writ of prohibition cannot affect the pending appeal, or the rights or liabilities of the parties to the action, or change the status of either, or substitute other parties to the record. No result or judgment in that procedure can relieve the court from the duty of passing upon the questions presented by the appeal, or aid it in determining them. The appeal must remain and the question be the same whatever be the result of that procedure. There is no connection whatever between the writ of prohibition and the proceedings thereon, and the controversy and appeal in this action. There is therefore no reason why the proceedings in the one should be stayed until the determination of the other. If either should be stayed upon the ground that the decision of one would determine or affect the result of the other, the original proceeding pending in the inferior jurisdiction should await the determination of this court of the questions before it, which are common to the two, if any such there are. If the question presented by this appeal is also a material question in the prohibition procedure it would be an anomaly to stay proceedings here to the end that it may be first decided by the Supreme Court. If the questions are not the same there is still less reason for interfering with the orderly progress of the action in this court, until the termination of the other procedure. If the defendants are not the legal representatives of the deceased, it would seem that no action of theirs or judgment against them could affect the estate or the interests of third persons. But it is not necessary to consider the effect of a judgment against the defendants as executor and executrix, if it should be finally adjudged that their appointment was void ab origine, or had terminated and was at an end. *Page 37 
It is next insisted that because the defendants and appellants were enjoined by the writ of prohibition from acting as executor and executrix of the alleged will of the deceased, their appeal from the judgment against them was unauthorized, and that therefore the proceedings upon the appeal should be stayed until the determination of the proceedings upon that writ. Whatever may be the legitimate operation and effect of the writ as to the parties to it, and in respect to the matters embraced within it, it cannot affect the practice or jurisdiction of this court or the rights of parties to its process and a hearing therein. If for any reason a cause or matter brought before it, is not within its jurisdiction, or an appeal is brought by parties not entitled, or contrary to law, this court will make such order as the case, and a proper indication of the law, its own jurisdiction, and the rights of the parties require. But a writ of prohibition from the Supreme Court neither affects the court or its suitors. The scope and office of a writ of prohibition seems to be somewhat misunderstood. It has a proper but a restricted and limited office, and it cannot be enlarged so as to bring within its scope and operation questions merely collateral or incidental to its direct purpose, or more or less intimately connected with such purpose and object. It cannot be made a drag net by means of which all controverted and litigated questions between individual suitors may be brought into court and tried and determined. A writ of prohibition is to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance, or exceeding its jurisdiction in matters of which it has cognizance. It will not lie to restrain a ministerial act. (Ex parte Braudlacht, 2 Hill, 367;People v. Supervisors of Queens, 1 Hill, 195.) It is a proper remedy when the inferior court either entertains a proceeding in which it has no jurisdiction, or when having jurisdiction, it assumes to exercise an unauthorized power. (Appo v. People,20 N.Y., 531.) It is a remedy provided by the common law against the encroachment of jurisdiction. By statute (2 R.S., 587, § 61) the party in whose behalf the *Page 38 
unauthorized jurisdiction is invoked may be made a party to the writ, and with the court be enjoined from any further proceeding in the suit or matter specified therein, until the next term of the Supreme Court, and the further order of such court therein. This statute does not change the character of the writ or permit any question except that of jurisdiction to be tried in the proceeding inaugurated by it. It is a preventive rather than a remedial process and cannot take the place of a writ of error, or other proceeding for the review of judicial action, or of a suit in equity to prevent or redress fraud. (People v. Seward, 7 Wend., 518.) The defendants could be rightfully restrained if parties to the writ, from proceeding before the surrogate, or in the surrogate's court, in the matters pending therein, and which were the subject of the writ, and in respect to which the jurisdiction of that magistrate or court was questioned. But the writ could not operate to restrain the parties named therein generally, or from doing any act save only proceeding in the suit or matters pending before the surrogate or in the surrogate's court. If there are any valid reasons why the defendants should not act or should be enjoined from acting generally as executor and executrix, they must be restrained upon proper allegations, and in some action or proceeding other than by a writ of prohibition, which, in this instance, is operative directly and only upon the surrogate's court, and matters and proceedings pending therein and to which the defendants are parties only incidentally and as connected with, and instigating or prosecuting such matters and proceedings. The writ of prohibition is neither effectual to prevent a prosecution of the appeal in this action or operative upon the defendants in restraint of their action in respect to it, and furnishes no reason for staying the proceedings in this court.
The other reasons urged in behalf of the applicant, and in support of the motion, may be grouped and considered together, as they are substantially the same.
It is claimed that the appeal is not prosecuted with a view *Page 39 
to a reversal of the judgment, but in bad faith, and with a desire that the judgment should be affirmed, and that the plaintiff and defendants are colluding with a view to such a result. These questions cannot be tried under the writ of prohibition and therefore the pendency of that proceeding constitutes no reason for a delay of the hearing of the appeal until its determination. The allegations, if true, would be good cause for a removal of the defendants as executor and executrix, and the appointment of other persons to care for the estate, and might be the foundation of an action for relief and protection against their acts by those having or claiming an interest in the estate and property of the deceased. Of that we express no opinion, but no case is made here to authorize the staying of the proceedings in this court either indefinitely or for limited time.
The appeal, so far as appears, is regularly here, and the parties are entitled to be heard. Equity has jurisdiction and ample power to redress and correct all frauds in judicial as well as other proceedings. We have no right, upon the papers before us, to arrest the proceedings and say that the parties shall not be heard.
Upon the principal question made by the counsel for the applicant, which is also the question in the appeal, we have the benefit of the very able briefs of that counsel, and shall gladly avail ourselves of them to supplement, so far as necessary, the briefs and arguments of the appellants.
The motion must be denied.
All concur; CHURCH, Ch. J., in result.
Motion denied. *Page 40