STATE OF MISSOURI, EX REL. MASON, *v.* HENRY D. LAUGHLIN, Respondent.

### October 28, 1879.

1. Only in exceptional cases will an appellate court grant a writ of prohibition against an inferior tribunal which has jurisdiction of the matter in controversy.

2. Where two officers claim the right to execute the processes of the Criminal

Court, that court is constitutionally empowered to determine the question according to law.

3. The officer to whom that court directs its writs will be a *de facto* officer, and must be respected and obeyed as such.

APPLICATION for writ of prohibition.

*Rule discharged.*

HARRIS & JOY, for relator.

BAKEWELL, J., delivered the opinion of the court.

The petition in this case sets forth that the relator of plaintiff holds the office of marshal of the city of St. Louis, and as such is the executive officer of the St. Louis Criminal Court, and that he executed the process of said court until the —— day of September, 1879, at which date the defendant, judge of said court, refused to allow relator to act as the executive officer of said court, and intends, on the opening of his court on October 13, 1879, to further violate the legal rights and interfere with the franchise of relator by appointing John Finn to attend upon the sessions of said court and execute all its process. Relator prays a writ of prohibition directed to Judge Laughlin, prohibiting him from making the contemplated order.

We take judicial notice of the fact that John Finn is the acting sheriff of the city of St. Louis. The object of this proceeding is manifestly to obtain thus a judicial determination of the question whether, under the existing law, the sheriff or the marshal is the proper officer to execute the process of the St. Louis Criminal Court.

The issuing of the writ of prohibition, the writ not being one of absolute right, rests largely in the discretion of the court. The object of the writ being to check the usurpation of inferior tribunals, the rule is that the court will refuse it where the tribunal has jurisdiction of the matter in controversy. In some extraordinary cases only will it be granted, where the court, though not entirely devoid of jurisdiction, has exceeded its powers. The power of grant-

ing the writ is to be exercised with great caution; and to issue it when other remedies are applicable, would be a useless and offensive exercise of the authority of the superior tribunal. *United States* v. *Hoffman*, 4 Wall. 158; *Roper* v. *Cady*, 4 Mo. App. 593; *Wilson* v. *Berkstresser*, 45 Mo. 283; *Thomas* v. *Mead*, 36 Mo.' 232; *Barnes* v. *Gottschalk*, 3 Mo. App. 111.

If, conformably with the practice of the Criminal Court, process ought to issue to the marshal, it is an irregularity to issue it to the sheriff; but, in case of doubt, the power is constitutionally conferred upon the judge of that court to take cognizance of and decide the question according to law, and to carry out his sentence accordingly. There is, therefore, no usurpation of power in the judge of the St. Louis Criminal Court when he undertakes to decide, as between two officers claiming the right to execute the process of that court, to which officer the writs shall go.

When that question has been determined by the judge of the Criminal Court, the officer to whom writs of that court are directed will be a *de facto* officer at least, and must be respected and obeyed as such, and the rights of the general public will not be affected by the decision.

Prohibition is manifestly an inconvenient mode to try title to an office. In the present case, Finn, the sheriff, to whom it is said the writs are to go, is not a party to this proceeding. The right to execute the process of the Criminal Court can be better determined in a proceeding to which both the contestants are parties. The applicant has an ample remedy by which his rights can be determined.

Rule discharged. All the judges concur.