STATE OF MISSOURI, EX REL. PRESLEY N. JONES, *v.* HENRY D. LAUGHLIN, Judge.

### February 1, 1881.

1. An application for a writ of prohibition should not be submitted on the petition and return, without brief or argument.

2. An application for a writ of prohibition will be denied where it does not appear that want of jurisdiction was pleaded, and the plea denied by the court whose action is sought to be prohibited.

APPLICATION for a writ of prohibition.

*Petition dismissed.*

R. S. MACDONALD, for the relator.

JOHN A. HARRISON, *contra.*

THOMPSON, J., delivered the opinion of the court.

This is an application for a writ of prohibition against the respondent, as judge of the St. Louis Criminal Court, to restrain him from entering a judgment or order disbarring the relator from practicing his profession as an attorney-at-law in said court. We have not had the advantage of an oral argument, nor have counsel on either side favored us with a brief, or with the citation of any authorities touching the application, but both parties have seen fit to submit it upon the petition and the return. "This practice," the Supreme Court has said, "cannot be endured." *Disse* v. *Frank*, 52 Mo. 551. We might have refused the application for this reason alone. But, notwithstanding the parties, by failing to afford us the usual aid in the determination of the cause, have apparently conceded that it is of little importance, we have thought it right to look into the petition and return, with the view, if possible, of disposing of it upon its merits.

Unless in extraordinary cases, a writ of prohibition is never granted except to restrain an inferior tribunal from doing some act in excess of its jurisdiction. *Wilson* v. *Berkstresser*, 45 Mo. 283, 285; *The State ex rel.* v. *Laughlin*, 7 Mo. App. 529; *Ex parte Peterson*, 33 Ala. 74; *Ex parte Greene*, 29 Ala. 52; *The State ex rel.* v. *Judge*, 29 La. An. 806; *Ex parte Hamilton*, 51 Ala. 62; *Bedford* v. *Wingfield*, 27 Gratt. 329; *Thomson* v. *Tracy*, 60 N. Y. 31; *Buskirk* v. *Judge*, 7 W. Va. 91; *The People* v. *Supervisors*, 47 Cal. 81; *The People* v. *Whitney*, 47 Cal. 584; High on

Extr. Rem., sect. 647. And the rule is inflexible that this want of jurisdiction must be urged in the inferior tribunal without avail, before an application for a prohibition will be entertained by a court of supervisory authority. *Barnes* v. *Gottschalk*, 3 Mo. App. 115; *Edmundson* v. *Walker*, Carth. 166; *Bouton* v. *Hursler*, 1 Barn. K. B. 71; *Ex parte Hamilton*, 51 Ala. 62; *Succession of Whipple*, 2 La. An. 236. It must appear that want of jurisdiction to proceed was pleaded in the court whose action is sought to be prohibited, and that the plea was refused. *Ex parte Williams*, 4 Ark. 540; *Ex parte Blackburn*, 5 Ark. 22; *Ex parte McMeechen*, 12 Ark. 70, 72; *Ex parte Little Rock*, 26 Ark. 52; High on Extr. Rem., sect. 773. Nothing of the kind appears to have been done in the present case. The petition, indeed, states that an objection was made in the court below to further proceedings under the order and citation, but it nowhere appears that a formal objection was made to the jurisdiction of the court to proceed in the matter.

As we must for this reason deny the application, we refrain from expressing any opinion as to whether or not the respondent had jurisdiction to proceed to disbar the relator in the manner stated. The application is denied, and the petition dismissed at the costs of the relator. All the judges concur.