Judgment and conviction reversed. New trial granted.

---

## Supreme Court—Special Term—Albany County.

*September,* 1884.

### PEOPLE ex rel. SMITH v. GROGAN.

#### WRIT OF PROHIBITION AGAINST POLICE JUSTICE.

A writ of prohibition is a proper remedy when a subordinate tribunal either entertains a proceeding in which it has no jurisdiction, or when, having jurisdiction, it assumes to exercise an unauthorized power.

It being an extraordinary remedy, it should only be resorted to in cases within its province, and where there exists no mode of redress by more simple and ordinary process, as appeal or certiorari.

The above principles applied, and the continuance of the writ of prohibition denied, where it appeared that relator was arrested and convicted on a charge of abandonment, under a warrant issued by defendant as a police justice, and a writ of certiorari to the General

Term was thereupon obtained, pending the hearing of which defendant, as such justice, issued another warrant upon a similar charge, and upon substantially the same facts, whereupon the writ of prohibition was served.

MOTION in behalf of relator, David B. Smith, to render absolute a writ of prohibition, directed to defendant, Patrick Grogan, as a police justice, etc.

The facts appear in the opinion.

*J. R. Stevens,* for the relator.

*D. Cady Herrick,* district attorney, for defendant.

INGALLS, J.—The case presented by the papers may be briefly stated, as follows :—

The relator was arrested by virtue of a warrant issued by the defendant as police justice, upon a charge that the relator was a disorderly person, for the reason that he had abandoned his wife, and had not provided her with the means of support, and that consequently she had become a charge upon the town. The relator, after a trial, was adjudged guilty of such offense, and sentenced accordingly.

He thereupon procured the allowance of a writ of certiorari to review such conviction, but the same has not been argued in the General Term. After the issuing of such writ, the wife of the relator applied to the said justice for another warrant upon a similar charge, and upon substantially the same facts. The warrant was issued, and the relator was arrested and brought before the justice, and pleaded to the charge, but before the trial an alternative writ of prohibition was obtained, and served upon the said justice.

The present motion is for a continuance of such writ, and that the same be declared absolute. The question involved is whether the writ of prohibition is an appropriate remedy in this case.

The province of such writ is to keep subordinate tribunals within their jurisdiction, and it may properly issue in a case where such court or magistrate assumes a jurisdiction which it

does not possess, or when it exceeds its jurisdiction in matters of which it has genuine cognizance. Thomson *v.* Tracy, 60 *N. Y.* 31. In this case, the province of such writ is defined as follows : " It is a proper remedy when the inferior court either entertains a proceeding in which it has no jurisdiction, or when, having jurisdiction, it assumes to exercise an unauthorized power." To substantially the same effect are the following decisions : Quimbo Appo *v.* People, 20 *N. Y.* 531 ; People *v.* McAdam, 84 *N. Y.* 287 ; People *v.* Parker, 63 *How.* 3 ; People *ex rel.* Smith *v.* Russel, 19 *Abb. Pr.* 137. The cases referred to very clearly define the province of the writ, which furnishes a very valuable remedy in a proper case, but, being an extraordinary remedy, should only be resorted to within its province, and then only in cases when there exists no mode of redress by a more simple and ordinary process, as by appeal or certiorari. People *v.* Talcott, 21 *Hun*, 592 ; *Ex parte* Gordon, 2 *Hill*, 363 ; *Ex parte* Braudlacht, 2 *Ib.* 367 ; People *v.* Nichols, 79 *N. Y.* 582. In the last case (at page 591), the case of Thomson *v.* Tracy (*supra*) is referred to approvingly, with the following remark : " It is also well settled that when a remedy by appeal or otherwise may be had to correct an error of law or practice, the writ will not lie. 2 *Hill*, 363, 367. In such a case the inferior court or the tribunal of limited jurisdiction can be set right by appeal only." In People *v.* Westbrook, 89 *N. Y.* 152, the court says, at page 154, " The writ of prohibition is an extraordinary remedy, and should be issued only in cases of extreme necessity, and not for grievances which may be redressed by ordinary proceedings at law or in equity or by appeal." Applying this well established principle to the case under consideration, it seems to me very clear that this writ of prohibition is not an appropriate remedy in this case.

The police justice possessed jurisdiction of the subject matter and also of the person of the relator, and was proceeding to investigate the charges against him contained in the warrant according to the forms prescribed by the law. The relator was at liberty to offer proof upon the merits and to raise any legal questions which he deemed proper, and in case the rulings of the magistrate were deemed erroneous, the same could be corrected by an appeal or by a writ of certiorari. These are the

ordinary simple and adequate remedies which could not fail to protect all the rights of the relator in this case, and consequently a resort to the extraordinary remedy by writ of prohibition is unauthorized and cannot be sustained. So long as the magistrate proceeded within the scope of his jurisdiction and was chargeable with no fraud or malice, his proceedings could not properly be arrested by such writ of prohibition, however erroneous his decisions might be and whatever irregularities might intervene. It is not sufficient for a resort to such powers that the relator apprehends that such magistrate will decide erroneously, and thereby subject him to inconvenience and expense. Such misfortune may attend almost every kind of litigation, and if a remedy is to be sought by a resort to the writ of prohibition in all such cases, such applications can not fail to become alarmingly frequent and tend to great confusion and embarrassment. Certainly, the wrong complained of should be real and not merely imaginary, before such an extraordinary remedy should be resorted to.

The motion must be denied and the alternative writ discharged.