(53 Misc. Rep. 366)

PEOPLE ex rel. CROWLEY v. BUTLER et al., Com'rs.

(Supreme Court, Special Term, New York County. February, 1907.)

PROHIBITION—ABSOLUTE WRIT—EXISTENCE OF OTHER REMEDIES.

Where relator was a veteran of the class specified in Laws 1904, p. 1694, c. 697, under the express provisions whereof he had a remedy by certiorari to review proceedings against him in case they resulted in his removal or attempted removal from a position held by him by appointment or employment in the city of New York, he was not entitled to an absolute writ of prohibition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Prohibition, §§ 6, 16.]

Motion by the people of the state of New York, on the relation of Charles Crowley, for a writ of prohibition against Edmond J. Butler and another. Writ denied.

Florence J. Sullivan, for relator and motion.

William B. Ellison, Corp. Counsel (William B. Crowell, of counsel), opposed.

GIEGERICH, J. Upon the return to an alternative writ of prohibition an absolute writ is sought upon the grounds, among others, that the defendants have no jurisdiction to try the charges preferred

against the petitioner, and that the defendants have not given him an opportunity to be heard in his own defense. Judge Allen, speaking for the court in Thomson v. Tracy, 60 N. Y. 31, 37, said:

"A writ of prohibition is to prevent the exercise by a tribunal possessing judicial powers of jurisdiction over matters not within its cognizance or exceeding its jurisdiction in matters of which it has cognizance."

In People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 32, 76 N. E. 732, Judge Haight, speaking for a majority of the court, said:

"The writ does not issue as a matter of right, but only in the sound discretion of the court in cases of supreme necessity where the grievance cannot be redressed by ordinary proceedings at law or in equity or by appeal."

Applying the rule of these cases to the present proceeding, it is plain that no sufficient facts have been shown to authorize the granting of an absolute writ. The defendants, upon the facts disclosed, have ample power to inquire into the charges preferred against the relator, and, since it appears that he is a veteran of the class specified in chapter 697, p. 1694, of the Laws of 1904, he has a remedy by certiorari to review the proceedings in case it results in his removal or attempted removal. There is consequently no necessity for the issuance of an absolute writ. A final order may be entered, upon two days' notice of settlement, denying an absolute writ of prohibition and authorizing the defendants to proceed in the matter as if the alternative writ had not been issued. Code Civ. Proc. § 2100.

The question of costs will be determined upon the settlement of the order.