City of Roswell v. Richardson, Dist. Judge, 21 N. M. 104.

[No. 1769, October 30, 1915.]
# CITY OF ROSWELL v. RICHARDSON,
## District Judge, et al.

### SYLLABUS BY THE COURT.

1. A writ of prohibition should issue, upon a suggestion, in the name of the state, on the relation of some one, but, where the want of jurisdiction is clear, the failure to sue out the writ of prohibition in the name of the state will be treated as a mere irregularity, not affecting the merits of the application.

P. 107

2. Where the lower tribunal has jurisdiction of the parties and the subject-matter, prohibition will not lie.

P. 108

Application for original writ of prohibition by the City of Roswell, a municipal corporation, against Granville A. Richardson, Judge of the District Court in and for the Fifth Judicial District of the State of New Mexico, and said District Court. Petition dismissed, and alternative writ quashed.

HIRAM M. Dow and TOMLINSON FORT of Roswell, for relator.

Even where writ of prohibition is sued out in name of State, the state is not a necessary party.

32 Cyc. 625; 2 Spelling Injs., sec. 1745; Cronan v. District Court, 96 Pac. (Idaho) 768.

Writ of prohibition proper remedy where judgment rendered when court had no jurisdiction.

Lincoln, etc., Mining Co. v. District Court, 7 N. M. 486.

Jurisdiction of district court on appeal from justice of the peace court is general, not special. If justice court had no right to try case with jury, district court had no such right.

Not necessary to plead to jurisdiction of inferior court as foundation for writ, where court had no jurisdiction of original subject-matter.

Lucky, etc., Mining Co.

Writ lies to restrain any unauthorized proceeding.

2 Spelling Injs. & Ext. Rem. (11th ed.), sec. 1726.

O. O. ASKREN and J. C. GILBERT of Roswell, for respondents.

Petition does not show that court was without jurisdiction to grant jury trial to defendant.

Rolfes v. Shallcross, 1 Pac. 523; Miller v. Commonwealth, 14 N. E. 161, 342, 979; Taylor v. Reynolds, J., 28 Pac. 688; Ex parte Wong Yong Ching, 39 Pac. 627; In re Fife, 42 Pac. 299; Biggs v. Lloyd, 11 Pac. 831; City of Topeka v. Kirsch, 80 Pac. 29; City of Burlington v. Stockwell, 42 Pac. 827; Volume 31, American Decisions, Cent. Ed., sections 15, 16, 24, 27, 134, 152, 237, 238, 241; Volume 2, Cooley's Blackstone (3d ed.), p. 348, par. b.

The offence charged is a misdemeanor under the state law, and is a violation of the ordinances, and was also a crime subject to indictment at common law.

Chapter 84, Session Laws of 1901; § 62, Ordinance 35, Compiled Ordinances of City of Roswell; Volume 2, Cooley's Blackstone (3d ed.), page 167.

If the action is civil in its nature the relator has adequate remedy at law, by way of appeal, and prohibition will not lie.

Mining Co. v. District Court, 7 N. M. 486 and 508; 32 Cyc., page 613 to and including 617, and notes; Tapia v. Martinez, 16 Pac. 272; 23 Am. & Eng. Encyc. of Law, page 207, paragraph 5, 200, 203.

## STATEMENT OF FACTS.

This is an application for an original writ of prohibition to prevent the district court of Chaves county, and Hon. Granville A. Richardson, one of the judges thereof, from carrying out the terms of a certain order dated January 14, 1915, and from proceeding with the trial of a certain cause, No. 3195 of the district court of Chaves county, by and with a jury, as in said order of January 14, 1915, had been directed by the said district court through the then presiding judge thereof, Hon. Granville A. Richardson, and further seeking to prohibit the court and judge thereof from trying said cause unless the said judge and court tried same without the intervention of a jury. The petition in this cause is presented by the city of Roswell, but is not sued out in the name of the state, and the facts upon which the said petition is predicated are briefly as follows: One Mittie Moore was arrested on the 25th day of June, 1914, charged with having violated section 62 of Ordinance 35 of the Compiled Ordinances of the City of Roswell, by setting up and keeping a house of assignation and prostitution. She was tried before one J. S. Kirby, a justice of the peace for precinct No. 1, Chaves county, who had been duly designated by the mayor and city council as the justice of the peace who should exercise exclusive and original jurisdiction in the matter of trying offenses in violation of the said ordinances of the city of Roswell, and was by said justice of the peace sentenced to pay a fine of $50, and costs, and to 30 days in the county jail, the jail sentence being suspended, however, on the condition of good behavior, from which judgment and sentence she appealed to the district court, where her case was docketed on the civil docket of said court. Upon the calling of the docket for the setting of cases for trial, the defendant, Mittie Moore, demanded a jury trial, and, over the objection of the relator herein, the district court held that the defendant was entitled to a jury trial, which order is the basis of the petition filed herein for a writ of prohibition di-

City of Roswell v. Richardson, Dist. Judge, 21 N. M. 104.

rected against the district court and the presiding judge thereof.

## OPINION OF THE COURT.

HANNA, J. (after stating the facts as above.) [1] To the petition filed by the city of Roswell a demurrer is interposed, which raises a number of grounds, the first being that the petition does not state facts sufficient to constitute a cause of action, because the city of Roswell is not authorized by law to prosecute in its own name an action for prohibition, the basis of this contention being that the petition in this cause is not brought in the name of the state, by the city of Roswell, as relator. So far as we can ascertain, this question has never been heretofore considered by either the territorial Supreme Court or this court. An examination of the few cases before the territorial Supreme Court, where the remedy by prohibition was sought, discloses that the practice was to bring the action in the name of the private party seeking the remedy, without suing in the name of the state. It is laid down by Cyc. (32 Cyc. 625) that, while the writ of prohibition is properly sued out in the name of the state, yet it is well settled that the state is not a necessary party. In High's Extraordinary Legal Remedies (3d ed.) § 779, it is said:

"As regards the parties to the proceeding, less stringency is observed than in the use of the extraordinary remedies heretofore considered. * * * But while it is irregular to issue the writ [of prohibition] in the name of a private citizen, instead of the state, yet, if such irregularity in no way affects the merits of the application, the writ will not be set aside when a jurisdiction is usurped without any pretense of right. * * * The governing principle in such cases is that, when an inferior court proceeds in excess of its lawful jurisdiction, it is chargeable with a contempt of the sovereign as well as a grievance to the parties injured, and the courts are therefore less stringent as to the degree of interest required of the applicant than in cases of mandamus and other extraordinary remedies."

See also, Spelling on Injunctions and Other Extra-Rem. (2d ed.) § 1745.

In an early case before the Supreme Court of South Carolina, Baldwin v. Elizabeth Cooley et al., 1 S. C. 25 , that court held that:

"It was irregular to submit the suggestion in the name of a private person; but for such a mere irregularity, in no way affecting the merits of the application, we are not disposed to set aside the writ, when the parties against whom it is directed have usurped a jurisdiction to which it is clear they had no pretense of right."

We therefore conclude that a writ of prohibition should issue upon a suggestion, in the name of the state on the relation of some one, but, where the want of jurisdiction is clear, the failure to sue out the writ of prohibition in the name of the state will be treated as a mere irregularity not affecting the merits of the application.

[2]   The Supreme Court of Idaho, in the case of Cronan v. District Court, 15 Idaho, 184, 96 Pac. 768, in passing upon this question, said:

"We think the Supreme Court of Washington there correctly states the purpose and office of the writ of prohibition, and that it may be issued to stay the action of an inferior tribunal whenever it is made to appear that it is acting without or in excess of its jurisdiction, on the application of any person shown to be interested in the subject of the litigation."

There are few cases to be found which squarely pass upon this question, but an examination of those we have been able to find convinces us that the sound rule is in favor of treating the omission of the name of the state as an irregularity, rather than a fatal jurisdictional defect. We are therefore not disposed to dismiss the petition upon this ground, and accordingly turn to the next question raised by the demurrer of the respondent, which is briefly stated as follows: That, if in the proceedings complained of the court had jurisdiction of the subject-matter, and of the defendant, but in granting to the said defendant a trial by jury gave her a right to a remedy to which she was not lawfully entitled, such act is merely erroneous, and may not be prevented or interfered with by the writ of prohibition sought. Allied questions are

City of Roswell v. Richardson, Dist. Judge, 21 N. M. 104.

considered in this connection with respect to the charac-
ter of the action in the district court, as to whether it
was civil or criminal in its nature, but we do not deem
it necessary to enter upon a discussion of these matters,
and will only consider the question from the standpoint
of whether the action of the district court in granting a
jury trial to this defendant was an act in excess of juris-
diction, or without jurisdiction, or an act to be treated as
an erroneous exercise of jurisdiction, for which an ade-
quate remedy by appeal, writ of error, or certiorari is
available.   It is not controverted that the district court
had jurisdiction over both the cause and the parties, and
the relator stands solely upon the contention that the dis-
trict court was without legal authority to grant a jury
trial in this particular case, and therefore his act in so
doing was in excess of the jurisdiction vested in the said
district court, for which reason the writ should issue.   We
cannot agree with this contention, and we believe it to
be well settled that, while the lower tribunal has jurisdic-
tion of the parties and the subject-matter, prohibition will
not lie.   32 Cyc. 605, and authorities there collated.   This
statement of the law finds support in that eminent au-
thority, High's Extra. Legal Remedies, § 772, where it
is said:

"In the application of the principle, it matters not whether
the court below has decided correctly or erroneously; its
jurisdiction being conceded, prohibition will not go to pre-
vent an erroneous exercise of that jurisdiction."

The text from the authority last quoted is supported
by the cases of Wilson v. Berkstresser, 45 Mo. 283, and
Grigg v. Dalsheimer, 88 Va. 508, 13 S. E. 993, in which
last-mentioned case the Supreme Court of Appeals of Vir-
ginia said:

"If the inferior court has jurisdiction of the subject-matter
of the controversy, and the parties are before it, or have
had notice and an opportunity to be heard, a mistaken ex-
ercise of that jurisdiction does not render its judgment void,
or justify a resort to the extraordinary remedy by prohibi-
tion."

Other authorities might be added and discussed in this opinion, but we believe this principle is well settled, and that it cannot be urged that the writ of prohibition should lie to prevent a subordinate court from deciding erroneously in any case in which it has a right to adjudicate; the proper remedy in such event being to review such error of the trial court by appeal, or the other methods provided for such review. It is not pointed out, nor can we conclude that the act of the district court in ordering the jury trial, upon request therefor by the defendant below, was anything more than an erroueous exercise of jurisdiction, which, as pointed out, was vested in the district court over both the subject-matter of this cause of action and the parties. Therefore, concluding as we do that, at most, the court was in error as to the proper procedure to be followed in this case, and that such error would not justify this extraordinary remedy by writ of prohibition, it follows that the application for the peremptory writ must be denied, and the petition dismissed, with costs to be taxed against the relator. Our conclusion in this respect makes it unnecessary to discuss the other questions presented by the demurrer.

The petition will therefore be dismissed, and the alternative writ quashed; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.

### SYLLABUS BY THE COURT.

