In the Matter of the Application of JOSEPH A. BURKE and Another, Petitioners, for an Order of Prohibition against JAMES RICHMOND and Others, Respondents.

Supreme Court, Niagara County, March 15, 1928.

**Prohibition — when denied — application to restrain police board of city of Lockport from executing contract for remodeling police station — prohibition denied.**

A prohibition order will not be granted to restrain administrative acts.   Therefore, the petitioners, who were bidders for a contract to remodel the police station in the city of Lockport, are not entitled to restrain the police board from executing the contract with other bidders.

If it be conceded that the determination of the question of who is the lowest bidder is a *quasi* judicial act, still the courts will not interfere on the application of persons who do not show that they have suffered any injury or damage or that there is any prospect of their suffering injury or damage.

MOTION for order of prohibition.

*Lee, Ward & Gilrie,* for the petitioners.

*George W. Riley,* for the respondents.

HINKLEY, J. This is a motion for an order of prohibition to restrain the board of police of the city of Lockport from entering into a contract for the remodeling of a police station. No claim is made in the petition by petitioners that they were the lowest bidders for the contract, nor do they show any injury to themselves. Prohibition is asked because petitioners claim they have no other remedy, and that the respondents have no authority in law to require bids nor to execute a contract.

" It is elementary that the sole office of a writ of prohibition is to prevent a tribunal having *judicial powers* from taking cognizance of matters not within its jurisdiction, or from exceeding its jurisdiction in regard to such matters." (*People ex rel. Jones* v. *Sherman,* 66 App. Div. 231, 234.)

The doctrine has been somewhat modified to prohibit in some cases, perhaps, a *quasi* judicial act by an officer of a municipality whose duties are ordinarily ministerial. (32 Cyc. 601.)

Prohibition, however, has never been extended to prohibit administrative acts. (*People ex rel. Bender* v. *Milliken,* 185 N. Y. 35, 39.)

Petitioner seeks a remedy without having suffered a wrong. He claims that he has no other remedy and concedes that he must fail if he proceeds as a taxpayer, for he can show no waste of public funds or property. He argues, therefore, that prohibition will lie to prevent an unauthorized *quasi* judicial act by a ministerial body. If we concede that the determination of a low bidder is a *quasi* judicial act, yet there is no authority nor reason for interference by the courts at the instigation of one who shows neither injury nor damage nor prospect of injury or damage.

Here there was neither *damnum* nor *injuria;* therefore, there is neither right nor remedy.

" A simple conspiracy, however atrocious, unless it resulted in actual damage to the party, never was the subject of a civil action." (*Hutchins* v. *Hutchins,* 7 Hill, 104, 107.)

" It is of the very essence of an action of fraud or deceit, that the same should be accompanied by damage, and neither *damnum absque injuria,* or *injuria absque damnum,* by themselves constitute a good cause of action. " (*Deobold* v. *Oppermann,* 111 N. Y. 531, 541.)

Were it proper for the court to grant the relief herein sought, then that right must have existed for many years. In such event the necessity for the creation of a taxpayer's action, as pointed out

in *Weston* v. *City of Syracuse* (158 N. Y. 274, 290) and *Ayers* v. *Lawrence* (59 id. 192) never existed. For surely, if one not injured or damaged could prohibit official action, a taxpayer would have had an equal right, irrespective of the question of waste.

This is not such an unusual case as calls for the exercise of the extraordinary remedy of prohibition. (*People ex rel. Childs* v. *Extraord. Trial Term*, 228 N. Y. 463, 468; *People ex rel. Hummel* v. *Trial Term*, 184 id. 30, 32.)

Motion for an order of prohibition denied, with costs.