In the Matter of SYLVIA RIVKIN, Petitioner, against GARBROS INC., et al., Respondents.

Supreme Court, Special Term, Richmond County, April 27, 1944.

*Sidney Sigelman* for petitioner.

*Paul D. Seigel* for respondents.

COLDEN, J. Petitioner brings this proceeding, under article 78 of the Civil Practice Act, to enjoin, restrain and prohibit a marshal of the City of New York from executing a warrant of dispossess, on the ground that said warrant is not directed against her but against one Henry Schnier only.

Petitioner claims that in April, 1942, she succeeded to the business conducted in said premises by Henry Schnier, her brother, and to the lease under which he occupied the premises, which she claims does not expire until December, 1944; that upon her assumption of the business and the lease, she filed in the office of the Clerk of Richmond County, a certificate of doing business under the trade name of Henry's Department Store, and thereafter paid to the landlord the rent of said premises.

On July 2, 1943, the respondent, Garbros Inc., purchased the premises involved, and in January, 1944, instituted a summary holdover proceeding in the Municipal Court, Borough of Richmond, against Henry Schnier only, without naming petitioner, to recover possession of the premises, claiming that the tenant's term had expired on December 31, 1943. After a trial of the issues therein, a final order was granted awarding possession of the premises to the respondent, and upon appeal to the Appellate Term the final order was affirmed.

Petitioner contends that the warrant of dispossess is ineffectual as to her for the reason that she was not made a party to the holdover proceeding, although her tenancy in the premises was open and notorious; that the landlord had actual notice of her tenancy when it and its predecessor in title accepted her checks in payment of the rent, and constructive notice that she was the tenant in possession of the premises in view of the filed certificate of doing business.

Respondent, Garbros Inc., contends that the court is without jurisdiction to entertain this proceeding for the reason that petitioner seeks an injunction, which can only be granted in an action pending before the court; that petitioner has no rights in the premises for the reason that the lease which was allegedly assigned to her contained a covenant against assignment without consent of the landlord, and that no consent to an assignment was given; that neither it nor its predecessor in title received rent from petitioner.

The petitioner seeks herein an order " enjoining, restraining and prohibiting the eviction of petitioner under a warrant directed against Henry Schnier only," which in effect is an application to enjoin, restrain and prohibit the marshal from executing the warrant of dispossess.

In view of the relief thus sought, it is apparent that the petitioner seeks either an order in the nature of prohibition or an order of injunction.

If the application be considered as a request for the issuance of an order in the nature of prohibition, then such application

must be denied for the reason that prohibition is a remedy to prevent an inferior court or tribunal or a public official or board acting in a judicial or quasi-judicial capacity from taking cognizance of matters not within their jurisdiction or from exceeding their jurisdiction (10 Carmody on New York Pleading and Practice, § 798). Prohibition lies to prevent or control judicial or quasi-judicial action only, and will not lie to prevent the performance of a ministerial duty. (*People ex rel. Bender* v. *Milliken*, 185 N. Y. 35, 39; *Matter of Burke* v. *Richmond*, 131 Misc. 588.)

"It cannot be made a dragnet by means of which all controverted and litigated questions between individual suitors may be brought into court and tried and determined" (*Thomson* v. *Tracy et al.*, 60 N. Y. 31, 37).

The provisions of section 151 of the New York City Municipal Court Code (L. 1915, ch. 279, as amd.) indicate that a marshal is a ministerial officer of the court to perform the duties specified in that section.

If the application be considered as one for an injunction, then the instant proceeding is improperly before the court. The proceeding has been instituted by order to show cause based upon a verified petition and affidavits, as provided for in article 78 of the Civil Practice Act (§ 1288). Relief by injunction is not within the scope of this article. (*Matter of Bonacker* v. *Chuckrow*, 166 Misc. 171, 173; *Matter of J. D. L. Corp.* v. *Bruckman*, 171 Misc. 3, 5.) An injunction can be issued only in an action, either upon an application accompanying the summons or during the pendency of the action. The application of the petitioner is denied. Submit order on notice.