L. Kingsley Smith, J.
This proceeding commenced by an order to show cause obtained June 13, 1963 and returnable June 17, 1963 is brought by the petitioner to enjoin the respondents, Union Free School District No. 7 and the Town of North Hemp-stead from conducting a “ school budget election” scheduled for June 19, 1963 or, in the alternative, ordering such respond- *672 exits, pursuant to article 78 of the Civil Practice Act and section 2016 of the Education Law to permit the petitioner to register for such election.
The facts are not in dispute. Union Free School District No. 7 is a district having' personal registration of voters at school meetings or elections as prescribed by section 2014 of the Education Law. On June 10, 1963, the last day on which to register for the special district meeting on June 19, 1963, the petitioner attempted to register with the Board of Registration. He filled out a “ Voter’s Qualifying Registration Card” on which he certified that he was a citizen of the United States, 21 years of age or over and a resident within the district for a period of 30 days next preceding the meeting. The card required that he also certify that, in addition to the foregoing qualifications, he possessed one of the additional qualifications specified in section 2012 of the Education Law by checking appropriate boxes listed on the card. The petitioner failed to check any of such additional qualifications and having signed the card presented it to the Board of Registration. The petitioner was informed that on the basis of the information which he submitted he was not qualified to vote and his name was not entered upon the register of qualified voters. The petitioner concedes that he does not possess any of the additional qualifications specified in subdivisions a, b and c of subdivision 3 of section 2012 of the Education Law which are as follows:
‘‘ a. Owns or is the spouse of an owner, leases, hires, or is in the possession under contract of purchase of, real property in such district liable to taxation for school purposes, but the occupation of real property by a person as lodger or boarder shall not entitle such person to vote, or
“ b. Is the parent of a child of school age, provided such a child shall have attended the district school in the district in which the meeting is held for a period of at least eight weeks during the year preceding such school meeting, or
“ c. Not being the parent, has permanently residing with him a child of school age who shall have attended the district school for a period of at least eight weeks during the year preceding-such meeting.”
It is petitioner’s contention that the qualifications for voters established by section 2012 of the Education Law are unconstitutional restrictions which deprive the petitioner and others similarly situated of the right to vote at a school district meeting or election. The ultimate relief which petitioner seeks is alternative. He seeks to enjoin the holding of the special district meeting on June 19 upon the ground that the register of eligible *673 voters has been compiled pursuant to an unconstitutional statute. In the alternative, he asks that an order be made pursuant to article 78 of the Civil Practice Act and section 2016 of the Education Law compelling the registration of the petitioner as an eligible voter.
The procedure chosen by the petitioner to obtain relief is fatally defective. The procedural vehicle being utilized by the petitioner is not an action but a special proceeding and the injunctive relief which he seeks is not available. (Matter of Daniels v. Daniels, 3 A D 2d 749, 750; Matter of Rivkin v. Garbros, Inc., 183 Misc. 389, 391; Matter of Bonacker v. Chuckrow, 166 Misc. 171, 173.)
If this application be treated as one made under article 78 of the Civil Practice Act, then it must be regarded as a special proceeding against a body to compel performance of a duty specifically enjoined by law. The relief obtainable in such a proceeding is that which was previously available in a mandamus proceeding prior to the enactment of article 78 of the Civil Practice Act. It is fundamental that before such relief may be granted, the petitioner must establish a clear right to such relief. (Matter of Coombs v. Edwards, 280 N. Y. 361; Matter of Wilson v. Board of Educ., 276 App. Div. 482, 483.) In the present situation the petitioner has failed to make such a showing. The legal duties and obligations of the Board of Registration are prescribed by section 2014 of the Education Law. Among such duties is the preparation of the register of the qualified voters of the school district who present themselves personally for registration. Since the qualifications of voters are prescribed by section 2012 of the Education Law, the Board of Registration may enter upon the register of qualified voters only such persons as present themselves personally for registration and who possess the qualifications specified in section 2012. Admittedly, the petitioner did not and could not make satisfactory proof to the Board of Registration that he was entitled to vote at a district meeting or election. In such circumstances it was the duty specifically enjoined upon the Board of Registration by law not to register the petitioner. Accordingly, relief by way of an order in an article 78 proceeding is not available to the petitioner.
The petitioner has also sought alternative relief herein pursuant to the provisions of section 2016 of the Education Law. That section provides a method to review registration procedure when a voter has been denied registration. It should be noted at the outset that the Board of Registration of Union Free School District No. 7 is not a party respondent in this proceeding. This *674 nonjoinder of a necessary party in itself is sufficient reason for denying relief under section 2016 of the Education Law. An order of the court in this proceeding as it has been brought would lack effectiveness since its thrust would not be directed at the very body which has the duty to compile the register of voters in the district. However, such relief must be denied for the additional reason that the remedy provided by that section is limited to a “ qualified voter ’ ’ of the district. Whether a person is a “ qualified voter” of a district is determined by reference to section 2012 of the Education Law and concededly the petitioner does not fulfill the necessary requirements of that section. Accordingly, relief under section 2016 of the Education Law is not available in this proceeding to the petitioner.
For the reasons already indicated, this court cannot and does not reach the questions of alleged constitutional invalidity of voting qualifications prescribed by section 2012 of the Education Law. The resolution of these questions raised by the petitioner must therefore await their being presented by proper legal means with proper parties. The petition is dismissed, without costs.