Edward G. Baker, J.
This is a proceeding brought under article 78 of the Civil Practice Law and Rules in which petitioners seek an order in the nature of prohibition against respondent, Joseph A. Shelly, individually and as Chief Probation Officer of the Probation Department of the Supreme Court of the State of New York, Second Judicial District, restraining him ' ‘ from proceeding without or in excess of his jurisdiction in his representative capacity and [directing him] to desist and refrain from soliciting, accepting and using any federal grant or gift for the purpose of maintaining, operating, continuing or promoting a drug addiction treatment center known as ‘ Daytop Lodge ’ at 500 Butler Blvd., S. I. 9, N. Y., and to further desist and refrain from creating, causing or permitting to exist said drug addiction treatment center ’ ’.
Petitioner, Heyward E. White, resides at and is the owner of premises 439 Richard Ave., Staten Island; and petitioner, James R. Carmody, resides at and is the owner of premises 475 Butler Boulevard, Staten Island. Each of these premises is located in a residential community known as Butler Manor, largely consisting of one- and two-family privately owned dwellings. Each of them is proximate to the building and grounds known as Daytop Lodge now being utilized by respondent as a treatment center or ‘' half-way house ’ ’ designed and intended for the rehabilitation of convicted narcotic addicts who are *778 probationers, the purpose being to enable them to lead useful lives and to resist relapsing into the use of and dependency upon drugs.
It is petitioners ’ contention that ‘ ‘ the act or actions of the Respondent, leading to, resulting in and causing the [establishment] and continuance of said drug addiction treatment center were and continue to be illegal and without or in excess of his authority or jurisdiction as the Chief Probation Officer of the Probation Department of the State Supreme Court, Second Judicial District ”, and were and are violative of the Constitution and laws of this State.
The facility known as Daytop Lodge has been in operation by the Probation Department of the Second Judicial District, under the direction of respondent, since September 1, 1963. It consists of a large dwelling located upon seven and one-half acres of land in the Butler Manor community of Richmond County. It is sponsored and financially supported- by the National Institute of Mental Health, an agency of the United States Department of Health, Education and Welfare with an appropriation or grant of $390,000 to be expended over a five-year period. This grant was applied for and obtained by respondent as Chief Probation Officer pursuant ,to authority and direction of the Appellate Division of the Supreme Court, Second Judicial Department; and, pursuant to that authority and direction, respondent entered into a lease of the aforesaid premises for a term of four years and nine months, commencing September 1, 1963.
All parties to this proceeding agree that petitioners’ application is one for the issuance of an order in the nature of prohibition, the object and purpose of the application being to enjoin the continuance of acts and procedures alleged by petitioners to be beyond the power and jurisdiction of the Appellate Division and of its appointee, the respondent.
The undisputed facts before the court in this proceeding require the conclusion that the remedy of prohibition does not lie in this case. It is clear that the acts of the respondent here sought to be restrained are neither judicial'nor quasi-judicial in nature. They are administrative merely. The remedy of prohibition may not be invoked to' prevent or restrain a ministerial act or duty. Its purpose is to prevent inferior judicial or quasi-judicial bodies or officers having judicial powers from exceeding their jurisdiction in the exercise of those powers. It does not lie and may not be invoked to prevent or restrain administrative or ministerial acts by administrative officers. *779 (22 Carmody-Wait, Cyc. of New York Practice, §§ 209, 214, 215; Thomson v. Tracy, 60 N. Y. 31, 37; Matter of Rivkin v. Garbros, 183 Misc. 389, 391.)
The acts of ,the respondent, Shelly, here complained of are neither judicial nor quasi-judicial. They are administrative and ministerial. The remedy of prohibition may not be availed of to prevent or restrain their continuance.
However, even if it be assumed that respondent’s acts and procedures in connection with the establishment and operation of Daytop Lodge were judicial or quasi-judicial in nature, prohibition to restrain those acts does not lie in the facts and circumstances of this case for the reason that respondent has jurisdiction thereof.
Prohibition may not be granted in a situation where the judicial or quasi-judicial body has jurisdiction of the acts sought to be enjoined. The respondent, Shelly, had jurisdiction to establish and conduct the operation of the facility known as Daytop Lodge.
The Appellate Division of the Supreme Court, Second Judicial Department, is empowered by .section 938 of the Code of Criminal Procedure to appoint all personnel of the Probation Department of the Supreme Court, Second Judicial District, and this authority includes the office of Chief Probation Officer now held by respondent, Shelly. The statute further provides that the Appellate Division '‘ may adopt such rules, not inconsistent with laws relating to probation, regulating the method of procedure in relation thereto and governing the powers and duties of probation officers appointed by them as in their judgment they deem proper.”
Thus it is clear that, as contended by respondent, the Appellate Division of the Supreme Court, Second Judicial Department, is the authority governing the Probation Department of the Supreme Court, Second Judicial District; and it is also the authority having jurisdiction over Daytop Lodge and its activities and program. In the exercise of that authority, the Appellate Division authorized the establishment and maintenance of Daytop Lodge by the Probation Department, under the direction and management of the respondent, through the written directive of its Departmental Director of Administration of the Second Judicial Department, Hon. J. Bertram Wegman, addressed to respondent. The communication dated May 29, 1963 was as follows: “You are, of course, fully authorized to accept in your official capacity as Chief Probation Officer the grant (MH 1292-1) from the National Institute of *780 Mental Health, to establish and operate a ‘ half-way ’ house for drug addicts under the supervision of the Probation Department. ’ ’
As the respondent contends, there is implicit in this directive the construction by the Appellate Division, a court of superior jurisdiction, that the operation of Day top Lodge, the conduct of its program, and the acceptance and utilization by respondent for that purpose of the Federal grant is within the jurisdiction of the Appellate Division and in compliance with law.
This court is without power or authority to challenge or annul that determination. The application is denied.