Richard Aronson, J.
This is a motion brought on by an order heretofore obtained by the petitioner directing the respondents, their agents and employees, to show cause why they should not be ordered to desist and refrain from consummating a transfer or conveyance of a certain three acres of real property, or any part thereof, or from taking any further or additional proceedings to privately transfer any of said property heretofore appropriated by the State fronting on Campion Road, Oneida County, to any private person or corporation. The original petition upon which the show cause order was granted was subsequently amended by substituting Mohawk Containers, Inc., as one of the respondents in place of Virgil H. Masters.
The respondents McMorran and Burger have cross-moved for a dismissal of the petition and amended petition, as have the respondent, Mohawk Containers, Inc. (hereinafter referred to as “ Mohawk ”). According to the amended petition and the affidavits submitted in opposition thereto and in support of the cross motion to dismiss the petition, it appears that the petitioner, a building contractor, is the owner of certain real property located on Campion Road, a portion of which property was appropriated by the State for the construction of the North-South arterial highway in the Town of New Hartford and in the City of Utica, Oneida County, New York. In 1961, in connection with the construction of that highway the State appropriated a portion of certain lands owned by Virgil H. Masters and J. Milton Forward. At that time Masters and Forward owned a parcel of land on the northerly side of Campion Road with approximately 500 feet frontage and a depth of approximately 145 feet. Prior to the 1961 appropriation the westerly 315 feet of the Masters-Forward parcel were leased to Mohawk and used by it for the parking of trucks and employees' cars. The next 20 feet were used as a common accessway, and the remaining 165 feet upon which two buildings were located were leased to two other tenants, one of which was one Fanelli, who operated a fleet of trucks under contract with and in furtherance of the business of Mohawk. The easterly 165 feet returned a rental of $14,000 per year to Masters and Forward.
*207 The aforesaid 1961 appropriation encompassed the westerly 215 feet of that 315-foot part of the premises leased to Mohawk. Subsequently Mohawk continued to use the remaining 100 feet of their leased portion of the premises for parking. The 20-foot common accessway remained in use, and the easterly 165 feet of the parcel continued to be occupied by the two tenants in the same manner as prior to the appropriation.
In 1965 Mohawk purchased the unappropriated premises from Masters and Forward and continued to utilize the property as it had been used in the past. In that same year the State notified Mohawk that it was about to appropriate the remainder of the aforesaid premises in connection with the construction of the City of Utica-Sequoit Valley Arterial Highway, the result being that eventually the State would acquire the entire aforementioned 500 feet on Campion Road for highway purposes.
After considerable negotiations between the State and Mohawk, an agreement was reached whereby three acres of the lands which had been previously appropriated by the State for highway purposes would be conveyed by it to Mohawk, together with a certain amount of cash, in exchange for its property which the State required and in satisfaction of any claim that Mohawk might have against the State as a result of such taking. This is the transaction to which the petitioner objects and the consummation of which he seeks to enjoin by this proceeding. It should be noted that after Mohawk and the Commissioner of Transportation had agreed upon the terms of the settlement, the State commenced work on Mohawk’s property, and at the same time gave its consent to Mohawk to develop the property which the State had agreed to convey to it. As a result of the aforesaid agreement, Mohawk asserts that it has spent about $120,000 in the development of the property.
The petitioner urges that the respondent McMorran lacks the power to convey the property involved to Mohawk and that the property should be sold at public auction. He further contends that he has a particular interest in the property involved and consequently he is an aggrieved person capable of bringing this proceeding pursuant to CPLR article 78 in the nature of prohibition to enjoin the respondent McMorran from violating a duty enjoined upon him by law. The respondents, in seeking to dismiss the petition, urge that the petitioner has no standing to bring this proceeding since he is not an aggrieved person, and, even if he were, the respondents contend that by virtue of subdivision 18 of section 30 of the Highway Law the respondent McMorran has the power to sell or exchange appropriated lands *208 on terms beneficial to the State. They further contend that even if the petitioner has a grievance, prohibition is not the proper remedy.
It is my opinion that this petitioner has no standing to bring this proceeding. He is not a former owner of the property nor does he own abutting property. His complaint concerns the administrative act of a public official and consequently before he can challenge such an act in the courts he must show a special and particular damage to himself resulting therefrom. The courts of this State have consistently held that no private person can assume to be the champion of the community, and in its behalf challenge public officers to meet them in the courts of justice to defend their official acts unless the challenger’s civil or property rights are affected thereby (Matter of Donohue v. Cornelius, 17 N Y 2d 390; Schieffelin v. Komfort, 212 N. Y. 520; Doolittle v. Supervisors of Broome County, 18 N. Y. 155).
If the petitioner is aggrieved by the acts of the Commissioner of Transportation, I fail to see how the grievance is of any greater concern to him than it would be to any member of the public. To grant the petitioner standing to maintain this proceeding would, in effect, enable anyone to challenge this transaction. Petitioner has not shown that he has a greater legal interest in the property involved than any other person, notwithstanding the fact that he asserts overreaching conduct on the part of the respondents.
Furthermore, the petitioner fails to show in what respect he is aggrieved, or in what manner he claims to be damaged by the proposed conveyance to the respondent Mohawk. The mere fact that a portion of his land is in the vicinity of the property in question and was taken by the State for highway purposes does not, ipso facto, make him a legally aggrieved party so as to entitle him to maintain this proceeding (Matter of Personal Finance Co. of N. Y. v. Lyon, 203 Misc. 710). The Commissioner of Transportation has the power to make the proposed conveyance of appropriated lands pursuant to subdivisions 13 and 18 of section 30 of the Highway Law and, therefore, in performing an administrative act pursuant thereto, he is not proceeding without or in excess of his authority. Under those circumstances, his acts are not reviewable in an article 78 proceeding (Toscano v. McGoldrick, 300 N. Y. 156,162).
Prohibition is an extraordinary writ ordinarily used to prevent a subordinate tribunal from exercising ultra vires jurisdiction. It lies only to restrain judicial and quasi-judicial action by an inferior court or tribunal, and ordinarily this writ does not lie to restrain administrative acts (People ex rel. Bender v. *209 Milliken, 185 N. Y. 35, 39; Matter of Burke v. Richmond, 131 Misc. 588).
For the foregoing reasons, the petitioner’s application is denied and accordingly the respondents ’ motions to dismiss the petition and the amended petition are granted, without costs.