HILL <em>et al. v.</em> CROCKFORD.

The exemplification of the record of a will, in order to be evidence, under ch. 94 of 1850, must contain the proofs taken before the surrogate. A mere exemplification of the will, recorded as having been proved, is insufficient.

APPEAL from a judgment at a general term of the Supreme Court, affirming a judgment of nonsuit given at the circuit. The action was ejectment. The plaintiffs claimed title to the premises sought to be recovered through the will of John G. Hill. To sustain their case, they offered, in evidence, what was claimed to be an exemplified copy of the record, and the whole thereof, of such will, bearing date December 29th, 1803, purporting to be proved before the Surrogate of the City and County of New York, in June, 1805, and recorded in the record of wills in said surrogate's office; but such exemplification did not contain any proofs taken before the surrogate. This exemplification was objected to as evidence on the grounds, 1st. That the proofs taken before the surrogate were not attached: 2d. Because the surrogate of the City and County of New York, on the 1st of June, 1805, had no authority to take proof of said will as a will of real estate. The court sustained the objection, and excluded the evidence.

*Francis Kernan*, for the appellants.

*Robert H. Tyler*, for the respondent.

JAMES, J.   It was not claimed on the argument that the surrogate of the City and County of New York had authority to admit a will to probate, and record the same as a will of real property; that power was then vested in the Court of Chancery, the Supreme Court and the Court of Common Pleas. But such surrogate had authority to take the proof of wills, which he was required to record, "*together with the proof thereof*," in books to be kept for that purpose. (Act of March 27, 1801, §§ 3, 7.)   In 1850, an act of the legislature of this State provided that "the exemplification of any *record* of any last will and testament, *proved* before the surrogate of any county in the State before the first day of January, 1820, certified under the seal of the officer having such record, shall be received in evidence with the like effect as if the original will had been produced." (Laws of 1850, p. 143.)   And it is claimed that the exemplification offered was admissible by virtue of that act.   Assuming that the statute of 1850 was designed to make the exemplified copy of the record of any will proved before a surrogate previous to 1820, and recorded according to the law then in force, evidence in all cases the same as if the original will were produced and proved, it would not aid the plaintiff in this case.   The paper produced and offered was not an exemplification of any such record as is known to the law.   The statute made evidence the exemplification of the "*record* of any last will and testament *proved* before the surrogate," &c.   The paper produced and offered in evidence in this case was not any record known to the law. It did not contain any proofs taken before the surrogate.   It not only did not contain any proofs, but its assertion that the whole of the record before the surrogate was therein set forth, showed conclusively that there was in fact no record of any proofs. By the terms of the statute of 1801, the proofs were required to be recorded with the will; and hence without such proofs

the record in the surrogate's court was incomplete and could not be admitted as evidence. Upon this branch this case is very similar to *Morris* v. *Keyes* (1 Hill, 540). It was there held, although under another statute, but similar in its phraseology, that " *the record included the proofs* as well as the will—both were to be recorded together, and the transcript of such record must mean the whole record." The record, if complete, would contain the proofs, and the exemplification should in like manner extend to both, otherwise it is inadmissible.

We are of the opinion that the instrument offered as evidence, was not an exemplification of any legal record in the surrogate's court of·New York City and County, or of any such record as the statute of 1850 authorized to be exemplified and, when so exemplified, received in evidence.

The nonsuit was properly ordered, and the judgment at the general term should be affirmed.

All the judges concurring,

Judgment affirmed.