WILLIAM CHARLTON, Respondent, *v.* DAVID BROWN, Appellant.

1. *Wills, probate of. — What proof necessary to make will competent as evidence.*—In order that a will may be received in evidence, there should be some proof in writing attached to the will and recorded with it, showing that it had been duly proved. And there should be a certificate of the record of the will and proof. But the statute does not require that the proof should consist of the actual testimony in detail taken at the probate, signed by the witnesses and attested by the clerk; nor that the certificate of the clerk attached should show that it was so signed and attested. The certificate spoken of in section 20, and that in section 26 of the statute touching wills (Wagn. Stat. 1367) cannot be the same. The former is in the nature of a *jurat* to an affidavit showing that the testimony was given and subscribed in open court and before the clerk; while the latter is a certificate to the action of the court.

*Appeal from Andrew Circuit Court.*

*Higgins,* and *Strong & Chandler,* for appellant, cited Tyler Eject. 513–14; Vanderpool v. Van Valkenburgh, 6 N. Y. 190; Morris v. Keys, 1 Hill, 540; Caw v. Robertson, 5 N. Y. 125; Hill v. Crockford, 24 N. Y. 128.

*H. S. Kelley,* for respondent.

BLISS, Judge, delivered the opinion of the court.

The plaintiff claims the land in controversy from Thomas Rodgers, the original patentee, through his will devising the same to his son Allen G. Rodgers; and the action of the court in admitting in evidence the record of said will, is claimed to have been erroneous. The present probate judge of the county produced upon the stand and identified the record-book of wills belonging to his office, which contained a record of said will, duly executed and attested, together with the following certificates:

"STATE OF MISSOURI, } *ss.* Andrew County Court.
 *County of Andrew.* }

"November adjourned term, 1846. William G. Ball appears and presents for probate the last will and testament of Thomas Rodgers, deceased, whereupon came Clinton Young and Arthur Roberts, witnesses thereto, who, being duly sworn, depose and say that they saw the said testator subscribe his name to the

23—VOL. XLIX.

Charlton v. Brown.

same, which he published as his last will and testament; that said testator was of sound mind and disposing memory, and over twenty-one years of age; and that said deponents were called upon by said testator to witness the same, which they did in the presence of said testator; which, being considered by the court, is adjudged sufficient to establish said will, which is established accordingly.

"STATE OF MISSOURI, ⎱ *ss.*
County of *Andrew*. ⎰

"I, Edwin Toole, clerk of the County Court within and for said county of Andrew, do hereby certify that the within probate is duly copied from the records of said County Court. In witnessing whereof I have hereunto subscribed my name and affixed the seal of said court at my office, this 24th day of February, 1847. EDWIN TOOLE, Clerk.

"By P. S. ROBERTS, Deputy Clerk. [Seal.]

"The foregoing will and probate therein were duly recorded on the first day of March, 1847. EDWIN TOOLE, Clerk.

"By P. S. ROBERTS, Deputy Clerk."

The witness testified that the original will and files were lost, and that he could find no other record in regard to it in his office.

The admission of this record in evidence was objected to because it did not embrace the testimony of the witnesses, signed by them and certified by the clerk; or, if that should be deemed unnecessary, because the certificate of the action of the court did not show that their testimony was reduced to writing, signed and certified.

The statute upon the subject was the same when this will was admitted to probate as now. Section 20 of the present act (Wagn. Stat. 1367) provides that "the testimony adduced in support of any will shall be reduced to writing, signed by the witnesses, and certified by the clerk." The will itself, with the papers attached, have been lost, and we do not know what was done in this regard, but we are not to presume that the clerk neglected his duty. Section 25 (same page) requires simply that wills shall be recorded; and section 26 provides that "every will proved according to the provisions of this chapter, and recorded

and certified by the clerk of the court and attested by his seal of office, may be read as evidence without any further proof thereof." Section 25 makes no express provision for the record of anything but the will; and the question arises, what, under section 26, is necessary to be embraced in the record in order that the will itself may be read in evidence without further proof of its execution, etc.? First, it would seem reasonable that there should be some written evidence attached to the will and recorded with it, showing that it had been duly proved; and, second, that there should be a certificate of the record of such will and proof. What is the evidence that should thus be attached to and recorded with the will? Appellant claims that it should be the testimony itself, signed by the witnesses and attested by the clerk, or at least that the certificate of the clerk attached should show that it was so signed and attested. But the statute does not require either. Judgments do not usually recite the evidence upon which they are rendered, and I do not imagine it to be necessary that the original entry of the proof of the will, upon the minutes of the court, should show in detail that every requisite of the law has been complied with; much less should this be required in the certificate of the clerk to such proof. The certificate spoken of in sections 20 and 26 cannot be the same. The former is in the nature of a *jurat* to an affidavit showing that the testimony was given and subscribed in open court and before the clerk, while the latter is a certificate to the action of the court. In the case under consideration, it is apparently a certified copy of the original entry upon the minute-book of the court. It may be that, or I imagine it would be sufficient if it were simply a certificate of the action of the court, without reciting its minutes; and in neither case is it essential that it specify in detail the manner in which the testimony of the witnesses was given.

Counsel have cited some New York cases, among which are Hill v. Crockford, 24 N. Y. 128, and Morris v. Keys, 1 Hill, 540; but the decisions in those cases were based upon the language of the statute of that State, which required the surrogate to record the will, " together with the proofs," etc.

If the certificate spoken of in section 26 need not embrace the

evidence or show that it was signed by the witnesses, the objection of the appellant is fully met, because the record itself, in its exemplification, when introduced in evidence as provided in section 27, certainly need not show more in this regard.

Defendant's counsel justly criticise the phraseology of part of the first instruction, as seeming to assume what had been proved and directing a verdict. But defendant could not have suffered in consequence; for if the court correctly admitted the will and subsequent conveyances in evidence, the result was inevitable. He made no show of title, while the plaintiff's claim was complete.

Judgment affirmed. Judge Wagner concurs. Judge Adams absent.