(127 App. Div. 455.)

AMERICAN DISTRICT TELEGRAPH CO. v. WOODBURY et al., State Board of Tax Com'rs.

(Supreme Court, Appellate Division, Third Department. June 18, 1908.)

TAXATION—ASSESSMENT OF FRANCHISES—REPORTS TO STATE BOARD OF TAX COMMISSIONERS—RIGHT OF BOARD TO ALLOW INSPECTION.

Tax Law, § 43, added to Laws 1896, p. 795, c. 908, by Laws 1899, p. 1591, c. 712, requires every person, etc., subject to taxation on a special franchise, to make a written report to the state board of tax commissioners, describing fully every special franchise possessed by such person, together with any other information required by the board; such reports to be made under oath, and a penalty being imposed for failure to make them. Plaintiff corporation sought to enjoin the state board of tax commissioners from making public its reports. *Held*, that the statute neither authorized nor prohibited publishing such reports, and hence the commission could exhibit them to any one having a legitimate interest in inspecting them, and should deny inspection thereof for improper purposes, whether or not such inspection could be had being in the discretion of the board.

Appeal from Special Term, Albany County.

Suit by the American District Telegraph Company against Egbert E. Woodbury and others, constituting the state board of tax commissioners of the state of New York, to restrain defendants from disclosing any reports made to them under the tax law. From an order denying a motion for an injunction pendente lite, and from an interlocutory judgment on demurrer to the complaint, plaintiff appeals. Order and judgment affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Elbridge L. Adams, for appellant.

William S. Jackson, Atty. Gen., and Timothy I. Dillon, Deputy Atty. Gen., for respondents.

CHESTER, J. The plaintiff seeks by this action to restrain the defendants, constituting the state board of tax commissioners, from disclosing the reports made or hereafter to be made by the plaintiff, under section 43 of the tax law (added to Laws 1896, p. 795, c. 908, by Laws 1899, p. 1591, c. 712), to the defendants, for the purpose of enabling them to determine the value of the plaintiff's special franchises in order to assess the same. The statute in question requires that:

"Every person, copartnership, association or corporation, subject to taxation on a special franchise, shall * * * make a written report to the state board of tax commissioners, containing a full description of every special franchise possessed or enjoyed by such person, copartnership, association or corporation, * * * together with any other information relating to the value of such special franchise required by the state board."

And the section further provides that the state board—

"may, from time to time, require a further or supplemental report * * *. containing information and data upon such matters as it may specify."

These reports are required to be made under oath to the effect that the statements contained therein are true, and the board is authorized to prepare blanks to be used in making such reports, and a penalty is imposed for the failure to make them. The plaintiff insists that there is no warrant in law for making its reports public, and that to permit this to be done would work an irreparable injury in its business, and would be against public policy.

The tax law itself does not contain any provisions either authorizing or prohibiting the publicity of any reports required to be made. There is no provision in the law that the reports shall be private or confidential, nor is there any provision that they shall be public or open to the inspection of any one who desires to see them. The subject-matter has not been covered in the statute in one way or another. The fact is pointed out in the appellant's brief that several of the states have enacted statutes requiring reports of a kindred character to be kept private. While this may indicate the tendency of public sentiment in that direction, it also indicates that such states have deemed it necessary to enact laws to accomplish that result. This would also seem to be a cogent argument that the plaintiff's grievances should be addressed to the Legislature, rather than to the courts, which possess no legislative power. No aid is furnished by the citation of decisions in other states in cases which have arisen there under the statutes referred to. The defendants are public officers, charged with important public duties, yet I cannot believe that the reports which are required to be made to them under the tax law are public records in the sense that documents are which are required by law to be filed or recorded in public offices. They could, I think, properly exhibit these

reports to any one who could convince them that he had a legitimate interest in inspecting them. So, too, I think they could and should deny inspection of them to persons desiring to see them for the purpose of prying into the business secrets of a rival, or for idle curiosity, or for any other improper purpose. The matter is left wholly within their control.

The statute being silent on the question, the defendants, who are responsible for the due administration of their office, may, in the exercise of a wise discretion, either withhold or permit the inspection or disclosure of these reports, depending upon whether they can be convinced that such inspection or disclosure is for a legitimate purpose or not. For these reasons, the court should not enjoin the defendants from allowing any inspection or disclosure of these reports, because whether any ought to be allowed or not should be determined by them in the proper discharge of their public duty, having regard, of course, to the purpose for which they were required and made. I think the order made by the learned court at Special Term, denying the injunction pendente lite and granting an interlocutory judgment sustaining the demurrer to the complaint for insufficiency, was proper, and should be affirmed.

Order affirmed, with $10 costs and disbursements, and the interlocutory judgment should be affirmed, with costs. All concur.