In the Matter of the Application of JOHN F. BIRCH, Petitioner, for an Order against IRVING V. A. HUIE, Commissioner of Public Works of the City of New York, Respondent.

Supreme Court, Special Term, New York County, January 27, 1939.

*Wilson & McMahon [Charles H. Tuttle, Thomas E. Kerwin and Lloyd V. Almirall of counsel], for the petitioner.*

*William C. Chanler, Corporation Counsel [Joseph L. Pascal of counsel], for the respondent.*

LEVY, J. Petitioner seeks by this application to restrain the commissioner of public works of the city of New York from opening or accepting any of the sealed bids for the performance of work in connection with contract 4, Bowery Bay Sewage Treatment Works. It is charged that the specifications as prepared are contrary to the requirements of section 88 of the General Municipal Law in that the work to be performed thereunder falls within items requiring separate preparation and advertising so as to permit separate and independent bidding upon each such item. He seeks, further, to halt any action upon bids already received or to be received until respondent has prepared separate specifications for items 1 and 2 under section 88 and invited separate bids thereon to the end that independent contracts may be awarded.

The form of the petition is obviously intended to come within the provisions of article 78 of the Civil Practice Act to compel the legal performance of a ministerial duty. However, combined with it are allegations designed to bring the petitioner within the class of taxpayers who have the right under section 51 of the General Municipal Law to restrain illegality and waste. In either case the practice is highly irregular.

A proceeding in the nature of mandamus under article 78 of the Civil Practice Act is not a substitute for a taxpayer's suit for an injunction. In such an action, however, a bond is required which this petitioner has failed to file, and in addition it must be charged that the alleged illegality will result in waste. (*Campbell* v. *City of New York*, 244 N. Y. 317, 330.) Although the first omission is

curable *nunc pro tunc* and the other may be corrected by amendment, yet a proceeding so patently improper should not be permitted to interfere with the necessary duties of the commissioner of public works in the initiation of work the completion of which is highly important by reason of its connection with the World's Fair of 1939.

While there is sufficient justification for dismissing the proceedings on mere technical grounds, it is but fair to the commissioner to point out that there is considerable doubt as to the substantive merits of petitioner's grievance. Such doubt alone would be sufficient to deny either a temporary injunction in a taxpayer's suit or an order under article 78.

Beyond question, some incidental plumbing work is included in contract 4, but, as respondent points out in his answer, it forms a part of the sewage treatment works so integrated in the process of construction with the concrete and other items of the work as to make it impossible to separate them. In that connection the affidavit of petitioner's expert engineer states merely that "as a result of my examination of the plans and specifications of contract number 4, I have found that said contract will cover a substantial amount of work which must be installed by a plumbing contractor and that such plumbing work is practically separable from the general construction work and other non-plumbing work covered by said contract. From my experience I know that such work is frequently covered by separate plans and specifications and by separately awarded contracts." Thus, petitioner seems to indicate the practicability of separating the various subdivisions of work to be performed under contract 4 so as to make it the subject of separate bids, and shows, further, that such a practice is frequently adopted. That, however, fails entirely to establish the claim that respondent's conduct has been illegal and in violation of section 88 of the General Municipal Law. The respondent's contention finds further support in his answer where it is disclosed that two additional separate contracts will be awarded, one known as "contract 12, heating and ventilating," and the other "contract 13, plumbing," both dealing with larger aspects of the work and not with the comparatively incidental plumbing and heating connected with contract 4.

In the circumstances the motion must be denied.