In the Matter of the Application of JOHN ZIELINSKI, Petitioner, against LOUIS A. HARDING, as Commissioner of Public Works of the City of Buffalo, New York, and the COMMON COUNCIL OF THE CITY OF BUFFALO, NEW YORK, Respondents.

Supreme Court, Erie County, December 30, 1941.

*Saperston, McNaughtan & Saperston*, for the petitioner.

*Edward J. Sullivan, Corporation Counsel* [*Gerald J. Shields* of counsel], for the respondents.

HINKLEY, J. This is the return of a notice of motion therein designated as an application for a peremptory order of review and mandamus.

This is not a taxpayer's action under section 51 of the General Municipal Law, and counsel for petitioner disavows any such suggestion. Under the facts alleged in the petition, and in the failure upon the part of petitioner to conform to the statute, the proceeding could not be designated as a statutory taxpayer's action. (Gen. Mun. Law, § 51; *Talcott* v. *City of Buffalo*, 125 N. Y. 280; *Ziegler* v. *Chapin*, 126 id. 342.) Petitioner has made his application under article 78 of the Civil Practice Act.

Petitioner seeks to set aside a contract made by the city and to require the commissioner of public works to readvertise for bids for the collection of waste material from two certain city-operated dumps. Counsel for both parties concede that there is no issue of fact raised by the petition and return. Prior to April, 1941, the city of Buffalo received no revenue from the waste material deposited on the two dumps in question, but permitted its removal free of charge. Temporary monthly contracts for May, June, July, August and September were made with one Joseph Stachowski by which he was permitted to remove such waste from said dumps for a fixed sum. On September 30, 1941, the city, after duly advertising for sealed bids, contracted with the only bidder who conformed to the terms of the advertisement, to remove the waste for a nine-month period from October 1, 1941, to June 30, 1942, and pay therefor the sum of $4,100.

Petitioner John Zielinski was not a bidder, nor does he claim that he ever contemplated bidding. He claims certain defects in the method and procedure by which the contract was made, and alleges that some person other than himself but of similar name, one John C. Zielinski, would have made a higher bid had he been notified. Petitioner, therefore, is not an aggrieved person in the eyes of the law.

The question arises as to whether a person who has no personal interest in the outcome of the proceeding can institute proceedings under article 78 of the Civil Practice Act. That article, being of recent origin, must, in the absence of different authoritative

construction, be interpreted in the light of previous decisions relating to certiorari to review, mandamus and prohibition for which the article is a substitute. Petitioner herein falls within the general rule that one who is not aggrieved and has no personal interest in the outcome of the proceeding nor a clear legal right to the relief prayed for, cannot maintain a proceeding under article 78 of the Civil Practice Act. (*Matter of Jaffe* v. *Board of Education,* 265 N. Y. 160; *Matter of Birch* v. *Huie,* 169 Misc. 1011; affd., 256 App. Div. 1057; leave to appeal denied, 280 N. Y. 850.)

Taxpayers' actions such as *Southern Leasing Co.* v. *Ludwig* (217 N. Y. 100) and *Matter of Donner-Hanna Coke Corp.* (212 App. Div. 338) are not exceptions to the general rule, for a taxpayer has a financial interest in the relief prayed for. Neither is the case of *People ex rel. Schau* v. *McWilliams* (185 N. Y. 92) an exception to the general rule, for there petitioner was interested in the relief sought to compel the certification of his pay. In *Matter of Arcangel* v. *Holling* (258 App. Div. 180) petitioner sought the interpretation of a lease to which he was a party and, therefore, interested in the relief sought. Likewise every elector has an interest in the conduct of an election and the form and contents of a ballot. (*Matter of McCabe* v. *Voorhis,* 243 N. Y. 401.)

There are two definite exceptions to the general rule, but this proceeding does not come within either. *First,* matters involving great public interest, or where the relief would benefit the general public, such as matters involving civil service or interference with public highways. (*Matter of Andresen* v. *Rice,* 277 N. Y. 271; *People ex rel. Pumpyansky* v. *Keating,* 168 id. 390; *Matter of Baird* v. *Supervisors,* 138 id. 95.) *Second,* any citizen or resident of the State is capable of presenting to the courts his petition for the enforcement by officials of their mandatory duties. (*Matter of Andresen* v. *Rice, supra,* 281.)

The highest court has stated in no uncertain terms that relief under article 78 of the Civil Practice Act in the form of mandamus is an extraordinary remedy that is to a great extent discretionary (*Matter of Andresen* v. *Rice, supra,* 282), and also always discretionary. (*Matter of Durr* v. *Paragon Trading Corp.,* 270 N. Y. 464, 469.)

The court is convinced that all of the alleged defects in the proceeding sought to be reviewed are technical and not of sufficient substance to be material. There is no call upon the court in this instance to exercise its discretion and overlook the lack of a clear legal right (*Matter of Durr* v. *Paragon Trading Corp., supra,* 469), or to put aside any argument that the status of petitioner does

not entitle him to a hearing on the merits. (*Matter of Social I. E. Assn.* v. *Taylor*, 268 N. Y. 233, 236.)

This decision is placed squarely on the following grounds, to wit, that petitioner is not an aggrieved person in a legalistic sense; that he is not personally interested in the outcome of the proceeding; that he has no legal right to the relief asked for; that the proceeding would not finally determine the rights of the petitioner with respect to the matters to be reviewed, as he has no rights therein; that the proceeding is not a matter of public interest, nor would the relief benefit the general public and the court in the exercise of its discretion would not be justified in granting this extraordinary remedy to petitioner who has no legal right to the relief sought.

Petition denied on the merits, with costs.