The People of the State of New York, Respondent, *v.* Will N. Clurman, Appellant.

Argued March 3, 1943; decided April 15, 1943.

*Kenneth M. Spence* and *Stewart W. Bowers* for appellant.

*Edward J. Neary, District Attorney* (*Philip Huntington* of counsel), for respondent.

DESMOND, J.  Appellant owned the stock of Gepo Realty Corporation and managed its affairs.  In 1939 that corporation made an agreement to sell to one Pierce a parcel of real property in Long Beach.  When the appointed day, May 8, 1939, came for delivering the deed, Pierce, the purchaser, asserted that there were certain defects in the title to the realty, or encumbrances thereon, and refused to pay the price.  One of his objections concerned the alleged existence, uncancelled, of unpaid city tax liens on the property.  Pierce's refusal to close his purchase resulted in a lawsuit which was decided favorably to Pierce.  (See *Gepo Realty Corp.* v. *Pierce*, 286 N. Y. 641.)  On the trial of that suit there was offered in evidence an instrument described as a satisfaction piece or certificate of payment of that tax lien.  This instrument bore the date of May 7, 1939 and on its face purported to show its execution and acknowledgment on that date by Gepo Realty Corporation, therein stated to be the assignee of the tax sale certificate.  It was claimed by Pierce that the instrument had originally borne the date of May 9, 1939 but that this appellant had altered those dates so as to make it appear that the certificate had been executed and acknowledged before May 8, 1939.  (That alteration must have been made, if made at all, after the satisfaction piece had first been left with the City Treasurer, and then later removed from that officer's files, altered, and returned to the files.)  As a result of the disclosures, in respect to the certificate, appellant was indicted for forgery in the second degree.  He was convicted thereof and now appeals to this court, by permission, from an affirmance in the Appellate Division, of that judgment of conviction.

The jury acquitted appellant as to one of the counts in the indictment, and the trial court dismissed four others.  The two counts on which he stands convicted accuse him of " forging " and " uttering," with intent to defraud, the certificate (above described) of payment of the tax lien.  The indictment, setting out a copy of that paper, describes it as " a certain instrument, the record of which is by the Law of this State made evidence." That part of the indictment was drawn, apparently, with an eye to subdivision 2 of section 887 of the Penal Law, which makes one guilty of forgery, second degree, who, with intent to defraud,

" forges a record of a  *  *  *  conveyance, or instrument of any kind, the record of which is by the law of this state made evidence  *  *  *." Of course, the above-noted descriptions of the alleged crimes in this indictment do not tally with the statutory description just quoted, since .the indictment speaks of the forgery of an *instrument,* the record of which is made evidence by law, while the statute describes the forgery of a *record* of an instrument, the record of which is made evidence, etc. This variance, if there were nothing more serious in the case, might be excused as inadvertent, the result of an accidental elision. But there is difficulty more grave. The trouble is that the satisfaction piece said to have been falsified as to date, is neither a " record " made evidence by law, nor is is an " instrument  *  *  * the record of which is by the law of this State made evidence." The satisfaction piece was never recorded, nor was it entitled by statute to be recorded, nor is there any statute making the instrument itself, or the " record " thereof, admissible in evidence. " Record " as here used, has a definite and time-honored meaning. (See *Hill* v. *Crockford,* 24 N. Y. 128.) " More than mere filing is required. A record implies an actual transcription by the official." (*People ex rel. Simons* v. *Dowling,* 84 Misc. 201, 203, affd. 164 App. Div. 911.) A satisfaction piece is not a " record "; until actually spread upon the records, it is not a " record," even though its filing be noted on some docket. (*Lownds* v. *Remsen,* 7 Wend. 35.) The instrument here under scrutiny, a certificate of the payment of a tax lien theretofore sold to an investor, seems to be of a kind unknown to the statutes. The Charter of the City of Long Beach (L. 1922, ch. 635, as amd. L. 1933, ch. 594, art. 6, § 116) requires the City Treasurer, " upon the surrender of the certificate of sale by the owner thereof " to " cancel and discharge the tax  *  *  * upon the record." The Charter does not mention, or seem to contemplate, the filing or recording of a satisfaction piece. The practice was to do what was ultimately done in this instance, that is, surrender the tax sale certificate itself to the treasurer. In this instance the City Treasurer seems first to have received the satisfaction piece. Later there was left with him the tax sale certificate itself. The satisfaction piece was neither recorded nor entitled to recording, and never became a " record " of the city.

It was merely left with the City Treasurer who accepted it, we suppose, as some evidence of the fact of payment, which fact was at some later time established in the manner prescribed by the statute, that is, by the surrender of the tax sale certificate itself. The trial court charged the jury that the instrument we are here discussing was, as a matter of law, such a " record " as is described in subdivision 2 of section 887 of the Penal Law. That instruction, we conclude, was error. Again, the court charged that the People " must prove beyond a reasonable doubt that the paper was forged after it became a public record." There is no showing at all that it did, or could, become a public record.

It is no answer to all this to assert that article 84 of the Penal Law dubs so many different acts " forgeries " that it covers every kind of false instrument, the falsity of which has the effect of defrauding those who act upon it as genuine, or that the essential elements of the crime of forgery are the same under the statutes as at common law. It is still our duty to give effect to the declaration of section 22 of the Penal Law that in this State no act or omission shall be deemed criminal or punishable except as prescribed by statute. Neither this indictment nor this conviction can be upheld " unless facts are set forth showing that a statute has been violated." (*People* v. *Knapp*, 206 N. Y. 373, 380.) Appellant could be indicted only for a crime described in the Penal Law, and he could be convicted only of the crime with which he was charged (*People* v. *Miles*, 289 N. Y. 360).

The judgments should be reversed and the indictment dismissed.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.