In the Matter of JOHN P. McARDLE, Petitioner, against BOARD OF HIGHER EDUCATION OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, New York County, June 16, 1943.

*Conboy, Hewitt, O'Brien & Boardman* for petitioner.

*Robert H. Schaffer, Acting Corporation Counsel,* for respondents.

Schmuck, J. Petition dismissed. Not only is petitioner held to have mistaken the manner in which, in this matter, he is entitled to exercise his prerogative as a taxpayer, but he also fails to set forth facts which indicate wrongdoing, material loss or cause for the court's interference with the conduct of the defendants by the infliction of an injunction.

Assuming that petitioner is a taxpayer, which defendants dispute, relying upon the official assessment records, he, nevertheless, employs the wrong method to obtain the relief sought. If any cause of action exists his true remedy lies in a taxpayer's action under section 51 of the General Municipal Law. (*Talcott v. City of Buffalo*, 125 N. Y. 280.) It is no longer arguable that a proceeding in the nature of mandamus under article 78 of the Civil Practice Act is not a substitute for a taxpayer's action for an injunction. (*Matter of Birch v. Huie*, 169 Misc. 1011.) However, even if for the sake of argument it be assumed that the procedure adopted herein is sufficient for the relief sought, no reason for approving petitioner's plaint is apparent, for the showing of waste is conspicuously absent. No matter how unfavorable the conduct of the chemistry tutor may be in other respects, there is no cause to doubt, but every reason to believe, that he is an able and competent instructor giving full value for the compensation paid him.

While the foregoing is deemed adequate to justify a denial of this application, the court feels impelled to express as an additional reason disagreement with the contention that voting by the members of the Board of Higher Education is controlled by section 41 of the General Construction Law. An examination of the Education Law (§ 1143-c, subd. 10) brings awareness of the intent of the Legislature to exclude the proceedings of the Board of Higher Education and the voting of its members from the effect of section 41 of the General Construction Law. Although at first sight it would seem that *Matter of Talbot v. Board of Education of City of New York* (171 Misc. 974) holds section 41 of the General Construction Law applicable to the proceedings of the Board of Higher Education, it is this court's belief that subdivision 10 of section 1143-c of the Education Law is irrefutable proof that section 41 of the General Construction Law does not control the Board of Higher Education in the transaction of its business. Furthermore, the Board of Higher Education as a nonstock corporation within the concept of section 2 of the General Corporation Law (*Matter of Fleischmann v. Graves*, 118 Misc. 214) is empowered to adopt by-laws defining a quorum and specifying the number of votes necessary

for the adoption of resolutions and all measures within its power, save as otherwise provided. This being so, a search of the by-laws of the Board of Higher Education reveals (§ 3) that the vote by which the suspended instructor was reinstated was proper, legal and unassailable. The generally accepted interpretation of this section as indicated in the affidavit of Chairman Ordway Tead clearly shows that the affirmative vote of a majority of a quorum is sufficient for the adoption of a resolution reinstating an employee, provided at least eleven votes are cast. Since no irregularity is shown, no cause for justifiable complaint predicated and all evidence points to a valid exercise of authority, the petition is dismissed on the merits. Settle order.