In the Matter of JOSEPH LEWIS, Petitioner, against OWEN A. MANDEVILLE, as Supervisor of the Town of Mamaroneck, Westchester County, et al., Respondents.

Supreme Court, Special Term, Westchester County, October 18, 1951.

*Robert J. Philips* for petitioner.

*John L. Delius* for respondents.

SCHMIDT, J. This is a proceeding under article 78 of the Civil Practice Act. The petitioner though a resident of Westchester County, does not reside in the town of Mamaroneck and has no direct interest in Fire District No. 1 of the town. Here the petitioner seeks an order to compel the supervisor of the Town of Mamaroneck and the members of its town board to desist from permitting the Weaver Street firehouse of Mamaroneck, New York and/or any other property owned by the said Town of Mamaroneck from being used by any religious sect or denomination for religious worship, instruction or the dissemination of religious doctrines or ideas or for any other private purpose. The petitioner objects specifically to the use of the auditorium on the second floor of the firehouse by the Roman Catholic Church of Sts. John and Paul and the Hebrew Congregation of the Larchmont Temple for religious services at stated times pending the erection of their respective buildings; all as granted by the town board of Mamaroneck acting as commissioners of the fire district.

A careful reading of the petition shows that the petitioner seeks either an order in the nature of prohibition or a perma-

nent injunction. If viewed in the former category, the petition must be dismissed as this remedy may be used only to restrain judicial or quasi-judicial action by an inferior court or tribunal. (*Matter of Pagano Realty Corp.* v. *O'Dwyer,* 195 Misc. 157; *Matter of Rivkin* v. *Garbros, Inc.,* 183 Misc. 389.)

If viewed in the latter category the relief is not available as under a proceeding under article 78 the court may not grant a permanent injunction. Such a proceeding is not a substitute for an action. (*Matter of Bonacker* v. *Chuckrow,* 166 Misc. 171.)

Moreover relief under article 78 in the nature of mandamus is in the discretion of the court and will not be granted unless the petitioner shows a clear legal right to it. Here the petitioner is not a resident or taxpayer in the fire district or the town, the use of whose buildings he seeks to enjoin, and he has therefore suffered no injury which might move the court to exercise its discretion in his behalf. (*Matter of Burr* v. *Voorhis,* 229 N. Y. 382, 387; *Matter of Jaffe* v. *Board of Educ. of City of New York,* 265 N. Y. 160.)

The court further finds that the petitioner has no legal capacity to maintain this proceeding. Being a resident of the town of North Salem, Westchester County, and neither a resident nor taxpayer in the town of Mamaroneck, he has not such an interest in the use made of buildings in and belonging to the Town of Mamaroneck or to Fire District No. 1 thereof, as to make him a proper party to object to such use. He is not aggrieved by such use. (*Matter of Jaffe* v. *Board of Educ. of City of New York, supra; Matter of Birch* v. *Huie,* 169 Misc. 1011; *Matter of Zielinski* v. *Harding,* 177 Misc. 773.)

The above grounds are sufficient to warrant the dismissal of this proceeding, but such a dismissal will not pass upon the issue here involved.

This firehouse in addition to having facilities for housing apparatus has an auditorium or meeting room, which under the law may be used for social or recreational purposes. From time to time permission for its use has been given to various local organizations and groups including, among others, boy and girl scouts, softball leagues, community concerts association, young Republican club and Democratic town committee, in addition to the two religious groups heretofore mentioned, of both of which some residents of the district are members.

The petitioner claims that the permitted use by the two religious groups offends against the constitutional provisions for the separation of State and church and the loan of public property for private use.

In this case the use given by the officials to the two religious groups was nothing more nor less than a temporary permit or license to use a portion of the firehouse for religious services at stated times, while their respective places of worship were being erected or repaired. In no sense was any public property either given or loaned to either of these religious groups by the action of these public officials.

For these officials to assist these two religious groups in this manner it seems to this court, in nowise violated any constitutional mandate or statutory provision.

Section 3 of article I of the Constitution of the State of New York reads in part as follows:

" [*Freedom of worship; religious liberty.*] § 3. The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all mankind ".

The rights granted by that section must too be safeguarded. It was aptly said in *Reichwald* v. *Catholic Bishop of Chicago* (258 Ill. 44, 48): " The man of no religion has a right to act in accordance with his lack of religion but no right to insist that others shall have no religion."

This firehouse is open to all groups, some with religious backgrounds and some without, and while that condition exists the proper separation of State and church is maintained, so far as this building and its use are concerned.

On all the grounds above set forth the petition is dismissed. Submit order on two days' notice.