In the Matter of NEW YORK POST CORPORATION, Petitioner, against SAMUEL S. LEIBOWITZ, as a Judge of the County Court, Kings County, et al., Respondents.

Supreme Court, Special Term, Kings County, June 4, 1955.

*Paul, Weiss, Rifkind, Wharton & Garrison* for petitioner.

*Lloyd Paul Stryker* for Samuel S. Leibowitz, as a Judge of the Kings County Court, respondent.

*Samuel Bader* for Sidney Strimpel, as a stenographer of the Kings County Court, respondent.

Di Giovanna, J. Petitioner seeks an order requiring the respondent, Sidney Strimpel, an official stenographer in the Kings County Court, to transcribe and deliver to it a copy of a charge made by the corespondent, Samuel S. Leibowitz, a Judge of that court, in a criminal trial recently held there before such County Judge and a jury which terminated in the acquittal of the defendant (*People* v. *Surrey*); also to compel such County Judge to direct the stenographer to comply with petitioner's demand or to prohibit him from forbidding the stenographer to comply therewith. Both respondents have refused to accede to petitioner's demand heretofore made on them on the ground that they lack authority so to do. The petitioner offered to pay the fees therefor.

Under recognized principles of law applicable to mandamus, petitioner can succeed only on a demonstration of a clear legal right to compel respondents to perform a duty imposed upon them by law (*Matter of Coombs* v. *Edwards,* 280 N. Y. 361, 364; *Matter of City of New York* v. *Schoeck,* 294 N. Y. 559, 568; *Toscano* v. *McGoldrick,* 300 N. Y. 156, 160; *Matter of Pruzan* v. *Valentine,* 282 N. Y. 498, 501). Insofar as this application seeks to invoke the principles of prohibition against the respondent County Judge, petitioner has the obligation to demonstrate that such County Judge has " no jurisdiction or, having jurisdiction,

assumes to exercise an unauthorized power " (*Matter of Pierne* v. *Valentine,* 266 App. Div. 70, 73 and cases therein cited, affd. 291 N. Y. 333; *Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1, 8). Under either category an order as herein sought will issue only at the instance of a person or persons aggrieved (*Matter of Zielinski* v. *Harding,* 177 Misc. 773, 775).

Petitioner urges, *inter alia,* that: " By reason of respondents' unlawful acts, petitioner has been deprived of its right to examine a public record relevant to the conduct of its business, and it has suffered injury through interference with the carrying out of its business as a newspaper, a principal function of which is to report to the public events of public importance, and to comment thereon; and the public has been deprived of the opportunity to learn the precise content of Judge Leibowitz' said charge to the jury on a case of great public importance and interest."

Such basis is not enough. The Court of Appeals said in *Matter of United Press Assns.* v. *Valente* (308 N. Y. 71, 85): " The fact that petitioners are in the business of disseminating news gives them no special right or privilege, not possessed by other members of the public. Since the only rights they assert are those supposedly given ' every citizen ' to attend court sessions (Judiciary Law, § 4), they are in no position to claim any right or privilege not common to ' every [other] citizen '. Any incidental financial benefit, which they might have derived from the opportunity to report the full proceedings at the Jelke trial, can give them no greater status than they would otherwise have had."

In fairness to the contentions of the petitioner, no claim is made for any greater rights than those enjoyed by the general public. It might be observed here as it was in the case above cited (p. 77) that " this is not a case of free speech or freedom of the press." The trial in which the charge herein sought was delivered was open to the press and to the public and no contrary contention is made. Petitioner's reporter was, or had an opportunity to be present and to report what transpired thereat, presumably did so, and had full opportunity to record or make notes of the charge given and to comment thereon.

The issue here is a relatively simple one, being confined to petitioner's right, as above stated, to obtain an official transcript of the court's charge.

Beyond the assertion of its right as a newspaper so to do, petitioner relies on certain provisions of the statute.

It cites section 66 of the Public Officers Law which, in brief, requires " [a] person, having the custody of the records or other papers in a public office " upon request and payment of requisite fees, to make searches and furnish certified transcripts. Petitioner then argues the pertinency of this section by asserting that the respondent Strimpel is a public officer and that the papers of which he has custody are " necessarily " public papers.

This assertion is not correct. Section 66 is a statute of general application. It envisions the customary type of public record (such as is sought in real estate matters, business affairs and the like) and embodies a general provision of legislative requirement. As such it must yield to other statutory provisions wherein the Legislature has given a more restrictive mandate. Such statutes, as they are applicable in this matter, are to be found in the sections of the Judiciary Law hereinafter referred to.

It is to be observed that not every document or transcript of judicial or administrative acts or proceedings falls within the category of " public records " in the sense that they are available to, or procurable by the public generally, or a member thereof, without a special interest therein, upon demand (*People* v. *Clurman*, 290 N. Y. 242, 245; *American Dist. Tel. Co.* v. *Woodbury*, 127 App. Div. 455; *Matter of Goldsmith* v. *Hubbard*, 183 Misc. 889, 890).

The mere fact that a transcript which has been taken relates to a matter of public interest does not make it a public record. In the *Clurman* case (*supra*) as an instance, it was held that the mere " filing " of a document in a public office did not suffice to make it a public record, the court stating that (p. 245) " ' [a] record implies an actual transcription by the official.' "

The furnishing of transcripts of the minutes of a trial (including of course the court's charge) is specifically regulated and governed by the provisions of the Judiciary Law. Section 300 provides for the furnishing of a transcript thereof by the stenographer upon the application of " any party to the action requiring the same." Section 301 relieves a stenographer of the duty of transcribing *his* minutes unless the " judge of the court so directs, or if the stenographer is required so to do, by a person entitled by law to a copy of the same, so written out." Section 302 applies to both civil and criminal trials and requires delivery of a transcribed copy of the minutes upon application of a defendant in a criminal case and payment of the requisite fees. It provides also for a furnishing of such transcript, upon proper

application, to the "district attorney, the attorney-general or the judge presiding at the trial in a civil or criminal cause".

Section 456 of the Code of Criminal Procedure further protects the rights of a defendant in a criminal case following a judgment of conviction and the taking of an appeal. It has no bearing on the present situation.

Petitioner also makes reference to section 1874 of the Penal Law. Again this is a section of general application, providing a penalty for refusal, in proper cases, by a public official to furnish records which he is required by law to supply. It has no application to the specific situation herein, for the reasons stated.

The difference between the rights of a party to an action or criminal proceeding and a member of the general public under similar circumstances was recently dealt with at length by the Court of Appeals in the United Press Association's application above referred to and the companion case of *People* v. *Jelke* (308 N. Y. 56), decided therewith. They need not be elaborated upon here. The comment made by Judge FULD in the former proceeding (p. 81) sufficiently answers petitioner's general line of argument. Judge FULD stated: "As long as the defendant is assured the right to invoke the guarantees provided for his protection, the public interest is safe and secure, and there is neither need nor reason for outsiders to interject themselves into the conduct of the trial."

As pointed out on behalf of the respondent Strimpel: "The minutes of the stenographer are not papers in a public office, unless they are filed there pursuant to Section 456 of the Code of Criminal Procedure, or pursuant to Section 13 of the Judiciary Law. Neither section is here applicable. In all other cases the stenographer's duty is to preserve carefully the original stenographic minutes taken by him upon a trial for a period of two years after the trial or hearing."

While the court is of the opinion that the petitioner is animated by motives of high public interest, it cannot prevail on this motion except by a demonstration of statutory right or common-law right given it, which it has not done. If such lack of a statutory authority works to its disadvantage or to the seeming disadvantage of the public, the remedy must be sought from the Legislature. The court cannot assume a power not given it by legislative fiat.

Of course, the issue herein involved is of novel impression. The foregoing statutes were designed for the benefit and protection of parties to litigation. It prevented concealment from a party of the record of a trial or proceeding. He had a right to

know what transpired which determined his rights. A stenographer does not serve the general public. The mere fact that he is upon the public payroll does not mean that he serves the general public in that regard. Stenographers were placed upon the public payroll so as to make available to courts competent and experienced transcribers of testimony. Otherwise a court might find itself unable to function because it did not have at its immediate disposal one who could adequately record the proceedings. The stenographer owes a duty of fealty to the general public in that he takes the usual oath of public office and the oath that he will honestly and truthfully transcribe that which had transpired but he owes no duties or obligations to furnish recorded copies of the proceedings to the general public. To require a stenographer to furnish minutes to anyone requesting it would interfere with the orderly function of the court. If petitioner had any standing in the premises so would every other newspaper, organization and private individual. The stenographer might conceivably be requested to transcribe more copies of minutes than the time available to him and his duties to the court would permit. If the petitioner had a legal right to compel this, then the petitioner would be in the position of having a legal right to interfere with the orderly function of a court to which such stenographer has been assigned. Such could not be within the contemplation of the statutes.

The court makes one further observation. Petitioner in its moving papers stresses that the refusal of the stenographer to furnish it with a transcript of the charge was due to a ban imposed by the corespondent County Judge. Such claim has been in nowise demonstrated. If it were, in view of the recital hereinabove made, it would be immaterial. Such respondent's direction or ban would not protect the stenographer from failure to perform a duty imposed upon him by law or exculpate him from a breach of his official duties. Whether the respondent County Judge could voluntarily deliver to the petitioner a copy of his charge is likewise beside the point. To do so would not be within the scope of his judicial function, and a departure therefrom would deprive him of judicial immunity should untoward consequences result, as was the case in *Murray* v. *Brancato* (290 N. Y. 52). His disinclination, under the circumstances, even to do an act which he might voluntarily do, would certainly be understandable and justifiable.

Petitioner's application, accordingly, is denied, and respondents' cross motions to dismiss the petition are granted.