Petek A. Quinn, J.
This is an article 78 proceeding.
Petitioner Circulation Associates, Inc., holds a contract as the highest responsible bidder pursuant to subdivision 3 of section 202 of the Vehicle and Traffic Law requiring the respondent William S. Hults, Commissioner of Motor Vehicles of the State of New York, to furnish copies of all motor vehicle registrations for the years 1962 to 1964 with option of renewal for the years 1965 and 1966.
Petitioner, Herbert Gr. Ahrend joins in this proceeding as a citizen and resident of this State. His right and interest to maintain this proceeding is based solely upon his concern that the conduct of the Commissioner is violative of the rights of the State of New York and all its citizens.
*93 R. L. Polk & Co., intervenor-respondent, a foreign corporation, held the last previous contract with the respondent similar to that now held by the corporate petitioner. It is contended that the intervenor-respondent is receiving favored treatment from the respondent in a mass copying operation which the former is permitted to carry on after hours in the offices of the latter without payment of appropriate fees. It is this alleged indulgence shown by respondent to the intervenor-respondent which petitioners seek to restrain.
Where an alleged delinquency in administration of public affairs is called into question by resort to the court, the complainant must show that he has an individual property right or interest directly and adversely affected. If he has no interest or rights other than those common to all citizens or taxpayers or property owners of a particular locality he lacks legal capacity to maintain any action or special proceeding against the political entity or its officers. (Doolittle v. Supervisors, 18 N. Y. 155.) The Legislature in 1872 created an exception to this well-established principle, but only in favor of taxpayers of counties, towns, villages and municipal corporations. (Schieffelin v. Komfort, 212 N. Y. 520.) That exception has been continued through subsequent re-enactments to the present day where it finds expression in section 51 of the General Municipal Law. So far as officers, agents, Commissioners and other persons acting for and on behalf of the State are concerned, however, the principle still stands unmollified. (St. Clair v. Yonkers Raceway, 13 N Y 2d 72.) Obviously the petitioner, Herbert G. Ahrend, under this principle has no standing to maintain this proceeding. As to him the petition is dismissed. His only recourse as a public-spirited citizen is to the executive or legislative branches of government to persuade them to set in motion their investigative powers to discover the reality, nature and extent of the abuses of which he complains and to employ the ample means at their command to correct such as they may find, if any.
If the petitioner, Circulation Associates, is directly and adversely affected in its individual rights and interests by the acts complained of it is only through its contract with the Commissioner of Motor Vehicles under section 202 of the Vehicle and Traffic Law requiring him to furnish copies of records of all vehicle registrations for the years 1963-1964, etc. Let us assume that this contract gives petitioner the exclusive right to provide mass copies of vehicle registrations to persons seeking the same in bulk. Let us further assume arguendo that respondent is affording unusual and extraordinary accommodations and facilities to the intervenor-respondent to copy registration *94 records in bulk after hours with the latter’s own -staff and equipment without collecting appropriate fees in such wise as to constitute a gross abuse of discretion and a waste of public funds and fees. And let us also assume — that respondent’s conduct is so grave an interference with and invasion of petitioner’s exclusive rights as to amount to a breach of contract. Even so, this proceeding is not the appropriate means of remedying the injury to petitioner and the abuse of its individual rights and interests if another adequate remedy is available. (22 Carmody-W ait, New York Practice, §§ 87-88, pp. 190-193.)
The only direct injury that can occur to petitioner, individually, by reason of respondent’s conduct is loss of profits springing from breach of contract. This loss is readily compensable in money damages. Sections 8 and 9 of the Court of Claims Act afford petitioner a right of action in the Court of Claims against the State for damages for breach of contract by respondent as an officer of the State while acting as such.
Moreover petitioner’s prayer for relief is not to invoke the usual office of the writ of mandamus to direct a public official to perform an omitted act which he is duty bound to perform (22 Carmody-Wait, New York Practice, §§ 81, 82, 84, pp. 184-188) but to restrain him from acting so as to violate respondent’s contract rights. Clearly this then is an attempt to obtain permanent injunctive relief (restraining a breach of contract) under guise of an article 78 proceeding; as such it is unauthorized and inappropriate. (Matter of Edelman v. Baumgartner, 12 A D 2d 922; Matter of Lewis v. Mandeville, 201 Misc. 120; Matter of Niegocki v. Dennison, 219 N. Y. S. 2d 109; Matter of Pagano Realty Corp. v. O’Dwyer, 195 Misc. 157, 158; cf. Psaty v. Duryea, 306 N. Y. 413 passim.) For the foregoing reasons and in the exercise of discretion the petition is dismissed and the motion denied.